Richard J. HELTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 179S31.

Supreme Court of Indiana.

April 18, 1980.

David M. Adams, Castor, Richards, Adams & Boje, Noblesville, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a jury trial of first degree burglary, sodomy, and armed rape. Accordingly, he was sentenced to imprisonment for an indeterminate period of ten (10) to twenty (20) years for first degree burglary, an indeterminate period of two (2) to fourteen (14) years for sodomy, and a determinate period of twenty (20) years for armed rape. The trial court ordered that the armed rape sentence be served consecutively to the other two sentences.

The following issues are presented upon this direct appeal:

(1) Whether the trial court erred in granting the State's Motion in Limine, thus prohibiting defendant from showing that the police refused him a polygraph test when he was arrested.

(2) Whether the trial court erred in not setting forth all of the lesser-included offenses in its instructions to the jury.

(3) Whether the trial court provided defendant with adequate legal representation.

(4) Whether the jury's verdict was supported by sufficient evidence.

(5) Whether the trial court erred in not permitting the defendant to introduce additional evidence subsequent to trial.

\*　　\*　　\*　　\*　　\*　　\*

## ISSUE I

Defendant's first contention is that the trial court, by granting the State's Motion in Limine, prevented him from presenting evidence that the State had refused his request that he be given a polygraph test. He argues that the purpose of presenting such evidence was not to show the validity of a polygraph, or whether or not he would have passed the same; rather, it was to show that the police investigation of this case was inadequate and that the State failed to provide him an adequate opportunity to prove his innocence.

We perceive of no merit to these contentions. The State does not have the duty to prove the defendant's innocence; nor is it required to give a polygraph examination upon request. The mere refusal to give such does not indicate that the State "stifled" the defendant's efforts to prove his innocence. Absent waiver or stipulation, the results of such examination, or evidence that defendant offered or refused to take one, are not admissible. *Tope v. State*, (1977) 266 Ind. 239, 362 N.E.2d 137.

## ISSUE II

At trial, the defendant stated that he did not want instructions on lesser-included offenses. The trial court generally abided by

such expressed desire, but did give one lesser-included instruction. On appeal, defendant's counsel contends that the record is devoid of evidence that defendant made a knowing and intelligent waiver of his right to have the jury instructed upon lesser-included offenses.

■ It is not every right that is so fundamental to due process of law that its preservation and respect requires that a waiver thereof be knowing and intelligent and that evidence of such affirmatively appear on the record. *Cf., Kennedy v. State,* (1979) Ind., 393 N.E.2d 139, 142. Defendant has presented no cases which have held that the right to lesser-included instructions requires such protection, nor has our independent search revealed any.

■ We hold that the entitlement to included offenses instructions, in an appropriate case, is not a fundamental right but rather is one that must be claimed and the claim preserved, in accordance with established rules of trial and appellate procedure.

### ISSUE III

■ Defendant's appellant counsel asserts that defendant was inadequately represented at the trial level. He describes numerous examples purporting to show the incompetency of trial counsel; however, he fails to cite any parts of the record which would support his claims. Thus, error, if any, was not preserved. "Defendant cannot, by merely alluding to error, encumber this Court with the obligation of searching the record in an attempt to reverse." *Walters v. State,* (1979) Ind., 394 N.E.2d 154, 156.

■ The defendant's charge of inadequate counsel, in the main, alludes to various tactics that might have been employed but were not. There is no showing or even a claim that the employment of such measures would likely have produced a different result, and we will not speculate therein. On the contrary, we presume that counsel was competent and, absent a showing to the contrary, we presume that measures that were not employed, either were not indicated by the circumstances or, if indicated, were rejected upon due deliberation.

### ISSUE IV

■ Defendant challenges the sufficiency of the evidence in several respects. Upon appellate review, this Court will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State,* (1977) 266 Ind. 604, 365 N.E.2d 1218. Rather, we will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom, to determine whether a reasonable juror could have found the existence of each of the elements of the crime charged beyond a reasonable doubt. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

■ Defendant first contends that the convictions are unreasonable in that the identification "was based solely on the testimony of one who admits that her assailant was masked throughout the crime." We find, however, that defense counsel misrepresents the record. The victim testified that the assailant had a towel covering that part of his face below the eyes; but that even the covered part of his face was partially revealed when he moved the towel in order to kiss the victim. Furthermore, said victim testified that she was absolutely sure that defendant was the man who had attacked her.

Defendant also contends that there was insufficient evidence of burglary. He states his contention thusly: "It is hardly proof beyond a reasonable doubt when one merely says that I *think* someone broke and entered my place of habitation." It was the testimony of the victim that all the doors and windows of her residence were locked except the bathroom window. She stated that she examined the bathroom window after the attack and discovered that it had new scratch marks on its outside part. From this testimony, a reasonable juror would have concluded, beyond a reasonable doubt, that the assailant entered her house by pushing aside the bathroom window. *See, e. g., Cockerham v. State,* (1965) 246 Ind. 303, 204 N.E.2d 654.

Defendant also contends that the armed felony conviction was unreasonable since no physical evidence of a deadly weapon was introduced at trial. The victim testified that the assailant was armed with a gun. It was not necessary that the weapon be introduced into evidence in order to prove the commission of an armed felony. *Brown v. State*, (1977) 266 Ind. 82, 360 N.E.2d 830.

## ISSUE V

One of the defendant's grounds in his motion to correct errors was "new evidence to offer at a new trial * * *." The new evidence related to his whereabouts and financial state at a time, subsequent to the attack, when fifty dollars had been found in the victim's mail box and an anonymous telephone call had been made to the victim's roommate. The caller identified himself only as a friend of the assailant, who was sorry for what he had done, had left fifty dollars in the mail box and hoped that it would be enough. This information was in the police report but had not been placed in evidence at the trial. It is defendant's argument that evidence of the foregoing, together with available evidence that he was out of the state and without funds at the time of the communique above related, would establish his innocence.

Trial Rule 59(A)(6) provides for relief in the event of "*newly discovered material* evidence which could not, with reasonable diligence have been discovered and produced at the trial;". (Emphasis ours.) The evidence sought to be aired does not fit the rule. If it can be said to have been newly discovered, which is questionable at best, it, nevertheless, was discoverable by the exercise of reasonable diligence. Neither would such evidence be *material*, in that it is not such as would likely produce a different result on retrial.

In order for newly discovered evidence to warrant a new trial, it must be such as to raise a strong presumption that, in all probability, it would produce a different result upon a re-trial. *Beyer et al. v. State*, (1972) 258 Ind. 227, 280 N.E.2d 604. Motions predicated upon newly discovered evidence are viewed with disfavor. The grant or refusal thereof is a matter within the discretion of the trial court, and upon review, we will reverse the trial court's denial of such motion only if it could not reasonably have reached a conclusion that, upon re-trial, a different result would not be probable. *Williams v. State*, (1973) 261 Ind. 385, 304 N.E.2d 311; *Beyer et al. v. State, supra.*

Alternatively, the defendant charges that even if such evidence was known at the time of trial, the failure of his trial counsel to present it was evidence of his incompetence and that the trial judge's refusal to allow it to be presented at the hearing upon the motion to correct errors deprived him of an opportunity to show the attorney's ineffectiveness. We disagree. The claim was not presented in that context at the hearing on the motion to correct errors; and, even if it had been, for the reasons set forth under Issue III, the circumstances do not indicate incompetence.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.