George WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 581S146.

Supreme Court of Indiana.

Sept. 28, 1982.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The defendant-appellant, George Williams, was convicted of robbery, a class B felony, Ind. Code Ann. § 35–42–5–1 (Burns 1979) and was sentenced to a term of twenty years' imprisonment. This appeal presents one issue consisting of a three-part attack on the verdict as being contrary to law:

(1) The evidence failed to prove defendant's guilt beyond a reasonable doubt.

(2) The evidence revealed the denial of the presumption of innocence.

(3) The evidence revealed a denial of fundamental due process under Art. 1, § 13, of the Indiana Constitution.

The crux of the defendant's attack is the claim that the evidence showed that the State's main witness, the victim of the robbery, was mistaken as to the identity of the defendant and that therefore the verdict is contrary to law. This is nothing more than an invitation for the Court to weigh the evidence and evaluate the credibility of witnesses, which we decline to do. We will only look to the evidence and reasonable inferences therefrom that support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that an accused was guilty beyond a reasonable doubt. *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

The evidence supporting the verdict included the victim's testimony that she was able to observe the person who robbed her for at least "a couple of minutes" and possibly four minutes during the commission of the crime. The defendant cites the discrepancy as to the length of time as dispositive of his claim of mistaken identity. It is, however, the role of the jury to resolve conflicts in the testimony.

The evidence also included testimony that the police showed the victim an array of photographs and that she selected one of the defendant, saying that she was seventy-to-seventy-five percent sure that it was of the man who robbed her, and that she wanted to see a lineup to be one hundred percent certain. The defendant cites this uncertainty in support of his claim, but, again, this was a factor for the jury to weigh in evaluating the witness' testimony. He also asserts that the photographic display was impermissibly suggestive because the witness was permitted to block out portions of the photograph of the defendant and therefore denied him fundamental due process. The record reveals that the witness blocked out the hair in the photograph on her own initiative because the hair style in the photograph was different from that worn by the defendant. Nothing in these

circumstances supports an inference that the photographic array identification was tainted by impermissibly suggestive procedures, and the defendant cites no authority to support his argument. The defendant was not denied fundamental due process in regard to pre-trial identification.

The evidence also shows that the victim picked out the defendant in a lineup and that she was "one hundred percent" sure that he was the person who robbed her.

■ There was sufficient evidence for the jury to conclude that the defendant was the person who committed the robbery.

■ The related assertion that the inconclusive identification affected the defendant's right to be presumed innocent and to have all reasonable doubts resolved in his favor has no merit.

"When the trial court has properly instructed the jury upon the matter [of the presumption of innocence], it can do no more. .... It cannot be said that the presumption was denied simply because the evidence was conflicting or because reasonable men might differ in their conclusions therefrom." *Oates v. State,* (1982) Ind., 429 N.E.2d 949, 952.

There is no claim that the court failed to instruct properly on this issue.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.