**Roosevelt WILLIAMS, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 982S342.**

Supreme Court of Indiana.

Feb. 25, 1983.

C. Jerome Smith, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was convicted by a jury of Robbery, a Class A felony. He was sentenced to a term of forty (40) years.

Appellant claims he was inadequately represented by his trial counsel. He argues his trial counsel's failure to timely file notice of alibi demonstrates incompetency.

It is a strong presumption that counsel is competent. A showing of strong and convincing evidence is required to rebut that presumption. The standard of review of an issue of inadequacy of counsel is the mockery of justice test as modified by the adequate legal representation standard. *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Rice v. State,* (1981) Ind., 426 N.E.2d 680. While incompetency of counsel revolves around the particular facts of each case, this Court will not speculate about the most advantageous strategy in each case. Rather, we will seek "to determine if and how a defense attorney's 'inadequacies' have harmed the defendant at trial." *Smith v. State,* (1979) Ind., 396 N.E.2d 898.

The statutes controlling the exclusion of alibi evidence are I.C. § 35–5–1–1 [Burns 1979 Repl.] and I.C. § 35–5–1–3 [Burns 1979 Repl.] which read:

"Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten [10] days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or information as the time of such offense. The provisions of this chapter shall not apply in case the court sets the trial for a date less than fourteen [14] days ahead.

"35–5–1–3. In the event of the failure of the defendant to file and to serve the defendant's original notice, as prescribed herein or the defendant's second notice as prescribed herein, or in the event of the failure of the prosecuting attorney to file and to serve the prosecuting attorney's statement as prescribed herein, the court may in it discretion, extend the time for filing the same. At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi . . . . "

In *Bowen v. State,* (1975) 263 Ind. 558, 334 N.E.2d 691, appellant claimed he was denied effective assistance of counsel because of his counsel's failure to file notice of alibi. Appellant was thereby prevented from testifying regarding his alibi. This Court stated:

"It is a rare occasion when a single omission or commission by counsel will be so grievous as to deny the defendant a fair trial. *Payne v. State,* (1973) [261] Ind. [221], 301 N.E.2d 514; *Haddock v. State,* (1973) 260 Ind. 593, 298 N.E.2d 418. Any error in counsel's trial preparation by failing to file the notice pales upon slightest inspection of the record in this matter."

In the case at bar, appellant's trial counsel filed his notice of alibi three (3) days before trial. If the alibi testimony had been allowed, a friend of appellant would have allegedly testified that appellant was in his company drinking at a bar at the time the offense was committed. No allegation is made regarding when this information came into defendant's counsel's hands. Appellant contends his counsel, if competent, would have demonstrated good cause for filing the notice late in accordance with I.C. § 35–5–1–3 [Burns 1979 Repl.]. Counsel effectively cross-examined witnesses, made timely motions and objections. We do not find this argument persuasive in light of the record.

Appellant argues he was prejudiced by the exclusion of his alibi because the testimony of the elderly victim was confused. Appellant cites portions of the record to support his allegation. However, read in context, the victim's testimony only demonstrates an occasional hearing impairment. The eighty-six (86) year old victim testified he was in bed and awake when he heard noises. Appellant came into his room and asked for money while attempting to stab the victim. The victim recognized the voice

of his attacker as appellant's. Appellant was the victim's foster son since age five. When he was bound and moved, the victim saw appellant's face in a lighted room. The two conversed while appellant looked for money. While hospitalized for injuries sustained in the robbery, the victim named appellant as the perpetrator of the offense. The victim unequivocally and positively identified the appellant during the trial. No prejudice was incurred by appellant given the overwhelming identification testimony.

The trial court is affirmed.