Darryl PRIEST, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S82.

Supreme Court of Indiana.

June 17, 1983.

Susan K. Carpenter, Public Defender of Indiana, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of robbery and committing injury in the perpetration of a robbery. He was sentenced to life imprisonment. His conviction was affirmed in *Priest v. State,* (1979) 270 Ind. 449, 386 N.E.2d 686. Appellant petitioned for post-conviction relief which was denied. He now appeals from the denial of his petition.

Appellant claims the post-conviction court erred in determining his trial counsel provided adequate legal representation. He argues his counsel's failure to timely file a notice of alibi in accordance with I.C. § 35-5-1-1 [Burns 1979 Repl.] and I.C. § 35-5-1-3 [Burns 1979 Repl.] and present an alibi witness, appellant's girlfriend, demonstrates his incompetency.

There is a strong presumption that counsel is competent. A showing of

strong and convincing evidence is required to rebut that presumption. The standard of review of an issue of inadequacy of counsel is the mockery of justice test as modified by the legal representation standard. *Williams v. State,* (1983) Ind., 445 N.E.2d 101; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398. While incompetency of counsel evolves from the particular facts of each case, this Court will not speculate about strategy. We will, however, seek to determine if and how a defense counsel's inadequacies have harmed the appellant at trial. *Williams, supra; Smith v. State,* (1979) Ind., 396 N.E.2d 898.

 The petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.P.C.R. 1, § 5. The judge is the sole judge of the weight of the evidence. Only where the evidence is without conflict and leads unerringly to a result different from the trial court's conclusion will the decision be set aside. *Gosnell v. State,* (1982) Ind., 439 N.E.2d 1153.

 The trial court entered findings of fact and conclusions of law pursuant to Ind.P.C.R. 1, § 6 with respect to this issue;

"4. The major thrust of the petitioner's case . . . related to his counsel's alleged failure to present the testimony of an alleged alibi witness, [appellant's girlfriend]. It is particularly revealing, that, given the apparent significance of such a witness, the petitioner did not inform his counsel of her existence until the day of the Omnibus Hearing. Following that discussion, the petitioner having informed [defense counsel] that [his girlfriend] had no telephone, [defense counsel] gave the petitioner his card, requesting that the petitioner give it to her and instruct her to communicate with him. The petitioner then, according to his testimony, wrote to her. [His girlfriend] did not appear at trial . . . .

"The incredible fact concerning [his girlfriend] is that she was his girlfriend, a relationship that began, according to her testimony, in April or May of 1977, and developed into an 'intimate one'. Fur-

ther, according to her, the petitioner stayed at her home 4 or 5 nights each week! Subsequent to his arrest, she would visit the petitioner at the Jail and received letters from him. She testified that, following receipt of two letters from [defense counsel], she went to his office, having been further requested by the petitioner, by letter to do so. It was her account of her meeting with counsel that she informed him that she was with the petitioner during the time of the occurrence giving rise to the prosecution, and that she would so testify but that counsel told her that her testimony alone would be insufficient. She further testified that she advised counsel that at the critical time, not only was she with the petitioner, but so were her sisters, their friends and some children. [His girlfriend] was not subpoenaed to appear at the trial or to meet with a Deputy Prosecuting Attorney. She testified that she advised counsel that, had she a 'ride', she would have appeared, with or without a subpoena. Cross examination revealed, however, that she made little effort to get to the trial, nor did she try to get in touch with the petitioner's 'people'. This, notwithstanding the fact that she had on other, less critical, occasions, found transportation for that purpose. In that regard, and more specifically, her testimony was that she tried to visit him at the Jail weekly and, additionally, she would receive letters from him weekly.

"Counsel could recall no contact with [appellant's girlfriend]. His recollection, however, was that he twice wrote to her and believes that he made one effort to communicate with her by a telephone call to her mother, she having no telephone herself. Through those communications, he arranged a conference by letter, a conference, however, at which she failed to appear. Counsel was faulted by the petitioner for having filed a Notice of Alibi on the day of the trial. While [defense counsel] could not specifically recall why, in this case, the Notice was filed at that late date, he testified that it was his

normal practice not to file at all unless he first spoke with a witness and was well conversant with his testimony. That is, he would be 'more than leery' of offering such a witness 'cold'. Similarly, he would not subject such a witness to either depositions or cross examination, unless his client insisted, and then only under protest. Remarkably despite the late filing, and for what this Court considers to be valid reasons, the trial court denied the State's Motion in Limine directed to it that date, provided the State were later that day, given an opportunity to depose the supposed alibi witness. She, however, did not appear and consequently, the State's Motion was granted the following day.

\* \* \* \* \* \*

"Ultimately, this Court must judge the credibility of the witnesses who testified at this hearing . . . . The heart of the petitioner's pending case is the alibi witness, so-called, and it is here, particularly, where this Court finds his credibility, and that of his witness, wanting. It is simply incredible that, if [appellant's girlfriend] were in fact what she and the petitioner claimed she was, a true alibi witness, then, given the intimacy of their relationship, for the several months that both preceded and succeeded the trial, why did she fail to appear, subpoena or no subpoena, with information so vital to the petitioner's defense. Surely, it could not have been so vital to the petitioner's defense. Surely, it could not have been the lack of transportation, despite her testimony to that effect. The more reasonable inference is simply that she chose not to perjure herself. Lending further incredibility to the petitioner's case is the fact that although [appellant's girlfriend] mentioned the presence in her residence, at the time of the commission of the offense, the presence, not only of the petitioner, but of her sisters and friends as well, the petitioner at this hearing made no mention of their existence nor did he inform his counsel thereof. Moreover, the names of none of them appear in his petition and obviously, none of them appeared to testify for him at this hearing. Again, only one inference can be drawn therefrom."

In *Williams, supra,* we held appellant had not been inadequately represented by defense counsel who failed to file a notice of alibi and was thereby precluded from presenting an alibi witness. In *Williams, supra,* we quoted *Bowen v. State,* (1975) 263 Ind. 558, 566, 334 N.E.2d 691, 696:

"It is a rare occasion when a single omission or commission by counsel will be so grievous as to deny the defendant a fair trial. *Payne v. State,* (1973) [261] Ind. [221], 301 N.E.2d 514; *Haddock v. State,* (1973) 260 Ind. 593, 298 N.E.2d 418. Any error in counsel's trial preparation by failing to file the notice pales upon slightest inspection of the record in this matter."

The record reveals defense counsel effectively cross-examined witnesses and made timely objections. He ably questioned the credibility of the victim. We do not believe the post-conviction court erred in determining defense counsel adequately represented appellant at trial.

The trial court is in all things affirmed.

All Justices concur.