George METCALF, Appellant,

v.

STATE of Indiana, Appellee.

No. 382S92.

Supreme Court of Indiana.

July 26, 1983.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latr\-ealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner George Metcalf was found guilty by a jury in the Lake County Superior Court, Criminal Division, of the crime of infliction of injury during robbery. He was sentenced to life imprisonment. His conviction was affirmed by this Court on direct appeal in *Metcalf v. State,* (1978) 268 Ind. 579, 376 N.E.2d 1157. Appellant subsequently filed a petition for post-conviction relief in the trial court. The trial court entered judgment against him and he now brings this appeal alleging reversible error in the trial court's post-conviction judgment.

The evidence shows that Appellant and three armed companions forced their way into the home of Donald Rhymes and demanded money and a gun from him. All of the occupants in said home were personally acquainted with Appellant who did not wear a mask or other disguise while taking part in the instant robbery. Appellant appeared to be the leader in that he gave the orders. While attempting to aid his wife by grabbing the nearest intruder, Donald Rhymes was shot and seriously injured. Although there was conflict in the evidence as to whether Appellant was the one who pulled the trigger, one eyewitness testified that he did.

Appellant presents the following two issues for our consideration:

1. whether he was denied his constitutional right to the effective assistance of counsel; and

2. whether he was denied due process of law in that fundamental error was committed.

## I

We first note, as we have repeatedly, that in a post-conviction proceeding, the petitioner bears the burden of proof to establish grounds for relief by a preponderance of the evidence. *Cobbs v. State,* (1982) Ind., 434 N.E.2d 883. The judge who presides at the post-conviction hearing possesses exclusive authority to weigh the evidence and to determine the credibility of witnesses. *Hendrix v. State,* (1981) Ind., 418 N.E.2d 1161. The court of review will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Tessely v. State,* (1982) Ind., 432 N.E.2d 1374.

Appellant now claims that he was denied his constitutional right to the effective assistance of trial counsel. He gives several examples of his trial counsel's conduct to substantiate that claim. We find that Appellant did not raise this issue in his direct appeal which therefore constitutes a waiver on this issue. *Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37. Since several of the alleged examples of ineffectiveness of counsel are also involved in Appellant's fundamental error claim, we will review them in spite of Appellant's clear waiver of the specific issue of ineffective counsel.

In considering alleged incompetency of counsel, this Court looks to the particular facts of each individual case. The review standard is a mockery of justice test, modified by the adequate representation standard. *Weaver v. State,* (1982) Ind., 432 N.E.2d 5; *Cobbs, supra.* A presumption exists that defense counsel is competent and only strong and convincing evidence will rebut that presumption. *Tillman v. State,* (1982) Ind., 432 N.E.2d 407. Isolated poor strategy, bad tactics or inexperience does not necessarily amount to ineffective counsel. *Hollonquest, supra; Cobbs, supra.*

Appellant claims that his attorney talked to him on only two occasions prior to trial, each occasion being just a brief encounter. Appellant further claims that he was never advised that a plea agreement was possible and had been discussed with the prosecuting attorney. Appellant's trial counsel directly contradicted this testimony. He claimed that he saw Appellant on numerous occasions and discussed all aspects of the trial with him. He stated that he negotiated a plea bargain arrangement with the State which would have permitted Appellant to plead guilty and receive a fifteen

year term. According to counsel, Appellant at first indicated that he was willing to accept the plea agreement but later withdrew his approval and refused to take part in it. Appellant's two contentions therefore were in direct conflict with the other testimony before the trial court and were resolved on credibility. The trial judge did this and we leave it to his judgment.

Appellant did not testify in his own behalf at trial. Appellant's trial attorney testified at the post-conviction hearing that it was his decision not to put Appellant on the stand because he did not think Appellant could withstand cross-examination. Counsel said that during his discussions with Appellant, Appellant often changed his story and appeared to be unreliable. Counsel further thought, from a strategy standpoint, that Appellant would be in a better position remaining silent than in attempting to withstand the testimony of three eyewitnesses who identified him and the inference from another witness that he was one of the participants. Appellant now claims that his attorney never advised him that he had a choice in deciding whether or not to take the stand. He states that he would have done better to have testified in his own behalf. Counsel testified that he discussed this matter with Appellant at length and advised him that taking the stand would be unwise. Counsel stated that Appellant agreed. Again we find conflict which the trial judge resolved as was his duty. Furthermore, we will not second guess the strategy or trial tactics of defense counsel. Deliberate choices by attorneys for some tactical or strategic reason do not establish ineffective representation even though such choices may be subject to criticism or the choices ultimately prove detrimental to the defendant. *Cobbs, supra.*

The decision not to call Marion Noel as a defense witness also was a strategy call by defense counsel. Noel was present at the Rhymes' residence during the instant robbery. She subsequently removed herself to Pennsylvania making it questionable whether she could be obtained as a witness in this case. The State decided not to call her and defense counsel indicated that he had similarly decided. Notwithstanding, defense counsel was able to show through one of the police witnesses that Noel could not identify any of the participants in the instant robbery. The officer's testimony also tended to show that Noel's testimony would contradict some of the other eyewitnesses since it would place Appellant in her presence when Rhymes was shot in another room in the house. This officer's testimony tending to show that Appellant was not the one who pulled the trigger was a benefit to Appellant. Defense counsel stated that if Noel was present and cross-examined by the prosecutor, her supporting evidence might not have been as strong as it was coming in a second hand manner without cross-examination. Counsel therefore believed that Appellant was in the best position not having Noel testify. He believed this true even though the officer's testimony implied that Appellant was present and participated in the robbery since three eyewitnesses absolutely identified Appellant as one of the participants in the instant crime and one eyewitness testified that Appellant pulled the trigger. The decision not to call Noel was a matter of trial counsel's strategy in a very difficult case and apparently benefited Appellant more than it prejudiced him.

Appellant now also claims that he was entitled to a missing witness instruction which would have told the jury that they could infer that Marion Noel would testify against the State since the State did not produce her as a witness. There is no merit to this contention. The missing witness instruction is appropriate only when a witness is available to be produced by one party but not by the other. *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042, *cert. denied* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662; *Banks v. State,* (1976) 265 Ind. 71, 351 N.E.2d 4, *cert. denied* (1977) 429 U.S. 1077, 97 S.Ct. 821, 50 L.Ed.2d 797. There is no showing here that Noel was available to one party and not to the other. Appellant was not entitled to any such instruction.

Appellant next claims that his trial counsel was ineffective since counsel refused to tender instructions on any lesser included offenses. Defense counsel testified at the Post-Conviction hearing that no instructions on lesser-included offenses were tendered because he believed at the time that there were no lesser included offenses of inflicting injury in the perpetration of a robbery. Furthermore, trial counsel wanted as a matter of trial strategy to make this an all-or-nothing case so as not to give the jury any alternative to conviction as charged or acquittal. Counsel thought that in view of the strong identification evidence, Appellant's only chance before the jury was to attempt to show that his minor involvement in the robbery was insufficient grounds to give him a life sentence. In his final argument before the jury, counsel argued that Appellant was nominally involved and did not actually contribute to the injuries inflicted on Donald Rhyme. Since the jury had no choice but to give Appellant life imprisonment should they find him guilty, counsel hoped to "box them in" in this manner. Though the strategy did not work, we find no reason to determine that counsel was ineffective in so proceeding. In *McNary v. State,* (1981) Ind., 428 N.E.2d 1248, 1251, this Court stated:

> "[D]efendant was either guilty of the offense charged-robbery resulting in bodily injury—or he was not guilty of any offense. To permit the jury to consider whether defendant was guilty of one of the lesser offenses would have allowed the jury to 'speculate upon a third factual situation upon which there was no evidence.' ... In turn, the door would have been opened for a compromise verdict, a potentiality ... to preclude."

In *McNary,* defendant's claim of innocence was based on an alibi defense and there was no dispute to the fact that the victim sustained bodily injury during the charged robbery. We held in *McNary* that the trial court properly refused to instruct the jury on the lesser offenses of theft and conversion because neither of those said lesser offenses involved force or the threat of force. The same factual situation obtains here. The evidence was without contradiction that the persons who forced their way into the home of Donald Rhymes left Rhymes severely wounded. Appellant's only issue in defense was whether he was one of the participants. Any tender of instructions on lesser included offenses would have been properly rejected by the trial judge as an invitation to the jury to speculate upon a factual situation not present in the evidence. Counsel indicated his awareness of Appellant's plight in this regard. Counsel's actions certainly do not constitute incompetency or ineffectiveness.

During final argument, defense counsel told the jury that Appellant had a right to decline to testify and that it was their duty not to speculate on his reasons for doing so, not to hold this against him and not to consider this in arriving at their verdict. Appellant now claims that counsel's statement was automatic error since any mention of his failure to testify, even by his own attorney, is reversible error. He further claims that it was evidence of his counsel's incompetency and ineffectiveness. Counsel again gave reasons of strategy for proceeding as he did. He stated that he believes a case is more often than not won during *voir dire* of the jury. He said that during *voir dire,* he makes it a point to put the jury into a frame of mind whereby they trust him and are willing to accept the defendant's side of the story. He then fully advises the jury of the constitutional guarantees afforded a defendant and asks them to promise that they will respect those guarantees as they consider the case before them. Counsel said that he believes that most jurors want to hear a defendant's story and are receptive to being fair. On closing argument, counsel said that he reminds the jury of the appropriate constitutional guarantees and asks them to recall their promise to accord those to the defendant. Counsel said that he considers it important to remind a jury that they are not to speculate on a defendant's reasons for failing to take the stand and are not to use that fact against him as it is his constitutional right. Again, we will not second

guess the strategy or trial tactics of defense counsel. We do not find counsel's choice here to be of such a nature that it requires us to find him ineffective or incompetent. Appellant is not correct in his general statement that the mention of his failure to take the stand by anyone, including his own attorney, is automatically reversible error. The choice of whether or not a mention will be made or a trial court instruction requested lies with the defendant. If the defendant chooses to have the court instruct the jury or to comment in final argument on defendant's right, the trial court does not err by allowing this. *Parker v. State,* (1981) Ind., 425 N.E.2d 628. No objection was made at the time of the statement because, of course, defense counsel had decided that the gravity of Appellant's situation required the admonishment to the jury. We find no reason to second guess counsel.

Appellant also complains about defense counsel's decision not to make an opening statement. This again was a strategy call. Defense counsel diligently cross-examined the witnesses, made numerous objections during the trial, and made a lengthy closing argument pointing out the weaknesses of the State's case. Appellant totally fails to prove ineffectiveness of counsel to the extent that Appellant's trial was a mockery of justice or that Appellant's representation was inadequate in any way.

## II

Appellant claims that fundamental error was committed when defense counsel made reference to his right not to testify and failed to give instructions on lesser included offenses. We already have disposed of these issues. It is not improper for a defense attorney to make a tactical decision to mention an accused's right not to testify. Moreover, failure to give instructions on lesser-included offenses does not constitute fundamental error. *Helton v. State,* (1980) Ind., 402 N.E.2d 1263.

Finally, Appellant claims that the deputy prosecuting attorney made reference in his closing argument to Appellant's failure to testify which amounted to fundamental error. The deputy prosecutor's statement was:

"All four came forward, they came up to that witness stand individually and separately and they told you what occurred and they positively identified Mr. Metcalf as the person that was directly involved and participated in this whole situation. Ladies and gentlemen, the State of Indiana again at this time asks that you consider everything that has been presented to you from each and every witness and when you deliberate in the jury room, come back with a verdict of guilty of the charge that has been placed against Mr. George Metcalf also known as George Hegwood. Thank you."

Appellant interprets this statement to infer a reference to Appellant's failure to testify inasmuch as the prosecutor's statement specifically referred to the witnesses who came forward and testified. This is a strained interpretation of the prosecutor's statement. During final argument, Appellant's defense counsel challenged the credibility of the testifying witnesses. Accordingly, the State was within its rights to respond to that argument. The prosecutor's statement can be interpreted as discussing the credibility of the State's witnesses when he made the comments he did. Furthermore, there was no objection to the State's comments when made which could be deemed a waiver. *Pavone v. State,* (1980) Ind., 402 N.E.2d 976, *reh. denied.* There is therefore no showing of fundamental error. *Crosson v. State,* (1980) Ind., 410 N.E.2d 1194.

Finding no reversible error, we affirm the judgment of the trial court.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.