George WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1183S425.

Supreme Court of Indiana.

June 19, 1984.

Rehearing Denied Aug. 6, 1984.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner George Williams was found guilty by a jury in the Marion Superior Court of class B felony robbery. He was sentenced to twenty years imprisonment. This Court affirmed his conviction on direct appeal. *Williams v. State*, (1982) Ind., 439 N.E.2d 1142. Appellant, *pro se*, filed a Petition for Post-Conviction

Relief which subsequently was amended by appointed counsel. The Marion Superior Court denied Appellant's Petition. Appellant now appeals and raises the following two issues:

1. whether Appellant was denied the effective assistance of trial counsel; and,

2. whether the trial court properly imposed an enhanced sentence upon Appellant.

■■■ We first note, as we have repeatedly, that the petitioner in a post-conviction proceeding bears the burden to prove any grounds for relief by a preponderance of the evidence. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and to determine the credibility of witnesses. The reviewing court therefore will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Metcalf v. State*, (1983) Ind., 451 N.E.2d 321.

I

■■■ Appellant now claims that he was denied his constitutional right to the effective assistance of trial counsel. He gives two examples of his trial counsel's conduct to substantiate his claim. We find that Appellant did not raise this issue in his direct appeal and therefore waived it. *Metcalf, supra.* Although this Court generally does not consider waived issues, we will consider a waived issue which indicates an error so fundamental that it denied the accused of a fair trial. *Mitchell v. State*, (1983) Ind., 455 N.E.2d 1131. This Court has held:

"Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. *Johnson v. State*, (1979) [271] Ind. [145], 390 N.E.2d 1005. It is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not

be denied, will this Court review an issue not properly raised and preserved. *Nelson v. State*, (1980) Ind., 409 N.E.2d 637."

*Warriner v. State*, (1982) Ind., 435 N.E.2d 562, 563. Accordingly, we now consider only whether or not the conduct of Appellant's trial counsel amounted to fundamental error.

Appellant contends that he was denied the effective assistance of counsel because his trial counsel presented an alibi defense but failed to subpoena a particular witness to support his alibi and failed to tender to the trial court an alibi instruction. Appellant's alibi defense was that he picked up his girlfriend and took her to a veterinary clinic to obtain medicine for his dog when the instant robbery was committed. Appellant apparently did not arrive at the clinic until sometime between 9:30 and 10:00 a.m., however, which did not indicate that Appellant could not have committed the robbery which occurred between 8:45 and 9:00 a.m. Notwithstanding, Appellant's trial counsel sought to develop Appellant's alibi defense and talked with the receptionist at the veterinary clinic as requested to do so by Appellant. The receptionist could not recall when Appellant visited the clinic and therefore could only verify that Appellant picked up medicine from the office. Appellant's trial counsel accordingly decided not to subpoena the receptionist but to rely instead on the more definitive testimonies of Appellant, his employer and his girlfriend. Counsel testified during the post-conviction hearing that Appellant agreed with this decision.

■■■ In considering alleged incompetency of counsel, this Court considers the particular facts of each individual case. The review standard is a mockery of justice test as modified by the adequate representation standard. A presumption exists that defense counsel is competent and only strong and convincing evidence will rebut that presumption. Isolated poor strategy, bad tactics or inexperience does not necessarily amount to ineffective counsel. *Met-*

*calf, supra.* We therefore find that the decision to not call the receptionist was a matter of trial strategy on which we will not second-guess. This Court will not speculate as to what may have been the most advantageous strategy in this particular case. We find no fundamental error indicated by Appellant's argument.

■ Appellant also argues that his trial counsel's failure to tender an alibi instruction prevented the jury from fully considering his theory of the case. The record reveals, however, that Appellant's alibi was dubious at best. His employer testified that he saw Appellant gambling at a pea shake house sometime after 9:00 but before 10:00 a.m., while Appellant's girlfriend testified that Appellant picked her up sometime between 9:00 and 10:30 a.m. No one but the victimized cashier testified that they actually saw Appellant at the exact time when this crime took place. Appellant's trial counsel obviously had good reason to believe that an alibi instruction was inappropriate because Appellant's alibi defense fell apart at trial. This is what Appellant's trial counsel testified to at the post-conviction hearing. Moreover, this is what we would presume absent compelling proof that counsel's omission was so grievous as to deny Appellant a fair trial. *Priest v. State,* (1983) Ind., 449 N.E.2d 602; *Helton v. State,* (1980) 273 Ind. 211, 402 N.E.2d 1263. Appellant has failed to overcome the presumption that he was adequately represented or to demonstrate any fundamental error. The trial court was correct in its handling of this issue.

## II

■ Appellant next claims that the trial court improperly sentenced him. The trial court accepted the jury's guilty verdict and adjudged Appellant guilty of class B felony robbery. The determinative sentence for a class B felony is ten years with not more than ten years added for aggravating circumstances. Ind.Code § 35–50–2–5 (Burns 1979). In the instant case, the trial judge sentenced Appellant as follows:

"Let the record show that pursuant to the jury's verdict, it found Mr. Williams guilty of robbery, a Class B felony, is that correct? Okay. Pursuant to that verdict, the—in view of the defendant's prior criminal record, that the Court will view at least two prior felonies, and in view of the serious nature of this offense in which he was convicted, the Court will sentence him to the maximum of twenty years to the Indiana Department of Corrections, and the defendant will be credited with one hundred days jail time."

This Court has held that a trial court conducting a post-conviction proceeding may modify a sentence or improve the trial court's required statement of reasons for imposing a particular sentence as would otherwise be directed upon a remand by this Court. *Neville v. State,* (1982) Ind., 439 N.E.2d 1358. The trial court in this case accordingly made a supplemental statement during Appellant's post-conviction proceeding to indicate that Appellant was convicted of robbery in 1966, of second degree burglary in 1965 and of bank robbery in 1968. Previous unrelated felony convictions constitute a proper ground for sentence aggravation. Ind.Code § 35–4.1–4–7(c)(2) [§ 35–50–1A–7(c)(2) (Burns 1979) (repealed effective September 1, 1983)]. We find no error. *Cooper v. State,* (1984) Ind., 461 N.E.2d 1119.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

I find that I can no longer agree with the holding in *Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37, regarding the presence of a waiver of the issue of effective assistance of counsel. There is no *per se* rule that such issue is waived so as to prevent it from being raised in a post-conviction proceeding commenced after a conviction is

affirmed on direct appeal. *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538, upon which *Hollonquest* was based provides that whether such waiver has occurred is a question which must be litigated in the trial court by the State in defense of the petition for post-conviction relief. If that defense has not been raised, the trial court and the appeal court should go directly to the merits of the post-conviction claim of ineffective counsel, in spite of the fact that the claim was not made in a first and direct appeal. Here there is no argument made by the State that such defense was made at the trial level, and therefore I cannot concur in the majority opinion declaration that a waiver of the issue occurred. I do agree however with the resolution of the issue on its merits against appellant.