Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

Ronnie ABRAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8706–PC–530.

Supreme Court of Indiana.

July 5, 1988.

GIVAN, Justice.

In November of 1978, a jury trial resulted in the conviction of appellant for Second Degree Murder and Murder in the Perpetration of a Rape. The trial judge correctly merged the two murder convictions and sentenced appellant to life in prison. That conviction was affirmed by this Court. *See Abrams v. State* (1980), 273 Ind. 287, 403 N.E.2d 345. Subsequently, appellant filed a post-conviction relief petition which was denied by the trial court. This is an appeal from that denial.

The facts are: During appellant's trial, the prosecuting attorney called Anthony McGee, a codefendant of appellant, as a witness. However, McGee refused to testify and was found in contempt of court by

the trial judge. The judge then ruled that a written statement made by McGee was not admissible into evidence because McGee was not available for cross-examination due to his refusal to testify. Nevertheless, after the jury returned to the courtroom the prosecutor again requested the court to admit McGee's statement into evidence.

During cross-examination of appellant, the prosecutor asked him if he had made any statements to the police after his arrest, to which appellant replied that he had not. During closing argument, the prosecuting attorney again alluded to the fact that he had attempted to get McGee's statement into the record but had failed. He implied to the jury that McGee's statement would have verified the testimony of Earl Jefferson, also a codefendant in the case, who testified that it was appellant who killed the victim, whereas appellant testified it was Jefferson who killed the victim.

Appellant claims he was denied effective assistance of trial and appellate counsel. He takes the position that his trial counsel was ineffective in failing to object to many of the improper comments by the prosecutor. However, the record does not support appellant's contention in this regard. His trial counsel not only objected to the conduct of the prosecuting attorney but was successful in keeping the content of McGee's statement from the jury. When the prosecuting attorney asked appellant if he had made a statement to the police after his arrest, his attorney immediately objected, and although the objection was overruled by the trial judge, counsel had made a proper objection preserving the question for the record.

■ Appellant is correct in his observation that the prosecuting attorney was guilty of misconduct in mentioning the McGee statement in his closing argument. Even if we assume for the sake of argument that trial counsel could have prevented such a statement, and that appellate counsel was remiss in his duty in failing to raise such an issue on appeal, this Court would inquire only whether trial counsel's

performance was deficient to the extent that it was a contributing factor to the verdict of the jury. *See Yurina v. State* (1985), Ind., 474 N.E.2d 93; *see also Grigsby v. State* (1987), Ind., 503 N.E.2d 394.

■ An analysis of the evidence in this case clearly indicates that Jefferson and appellant were both present when the victim was repeatedly raped and then murdered. The decision for the jury to make was which of these co-perpetrators was the actual killer and which was the accomplice. We cannot say that any alleged misfeasance on the part of the trial court or appellate counsel could have had a significant impact on the outcome of the case. This is not a case that is only weakly supported by the evidence; the conviction here is overwhelmingly supported by the record. Thus, we cannot say the performance of counsel was such as to require reversal. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.