Dennis PITMAN, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9312–PC–675.[1]

Court of Appeals of Indiana,
First District.

April 5, 1994.

Ordered Published May 25, 1994.

1. This case was diverted to this office by direction of the Chief Judge.

**ROBERTSON**, Judge.

Dennis Pitman appeals the denial of his petition for post-conviction relief. He raises several claims but has waived all of the alleged errors except for those related to his claims of ineffective assistance of appellate counsel. Nevertheless, we affirm.

The evidence reveals that our supreme court affirmed Pitman's convictions of robbery and conspiracy to commit robbery on direct appeal. *Pitman v. State* (1989), Ind., 547 N.E.2d 805. Pitman then filed a petition for post-conviction relief, in which he raised all of the claims he raises above. The post-conviction court denied the petition.

In a post-conviction relief proceeding, the defendant bears the burden to prove his grounds of relief by a preponderance of the evidence. *Mosley v. State* (1985), Ind., 477 N.E.2d 867. On appeal, he stands in the shoes of one who appeals from a negative judgment. *Id.* On review of the denial of post-conviction relief, we will reverse only when the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173.

### ALLEGED ERRORS RELATED TO TRIAL

■ Pitman raises several claims about what occurred in his trial. He alleges:

1. that he was denied due process when his sentencing was not conducted by a duly qualified judge;

2. that he was denied due process when the jury was not instructed on his alibi defense;

3. that he was denied effective assistance of trial counsel when counsel did not object to the qualification of the sentencing judge; and

4. that he was denied effective assistance of trial counsel when counsel did not submit an alibi instruction.

A petitioner may not raise issues in a post-conviction proceeding which could have been raised on direct appeal. *Page v. State* (1991), Ind.App., 582 N.E.2d 438. The post-convic-

Susan K. Carpenter, Public Defender, Jodi Uebelhack, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Pamela Carter, Atty. Gen., Jodi Katherine Rowe, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

tion process is open to the raising of issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Id.* Pitman could have raised his first four claims on his direct appeal, as these claims were knowable and available at that time. By not doing so, he has waived them.

## ALLEGED ERRORS RELATED TO EFFECTIVENESS OF APPELLATE COUNSEL

■ The effectiveness of appellate counsel's representation is determined on appeal using the same standards as applied to trial counsel. *Thornton v. State* (1991), Ind., 570 N.E.2d 35. A successful claim of ineffective assistance of counsel has two components. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, the defendant must show that his counsel's performance was deficient, that is, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense, that is, that counsel's errors were so serious as to render the results of the defendant's trial unreliable. *Id. See also, Abrams v. State* (1988), Ind., 525 N.E.2d 287 (on appeal from denial of post-conviction relief, court could not say that any alleged misfeasance on the part of trial or appellate counsel could have had a significant impact on the outcome of the case—the conviction was overwhelmingly supported by the record). The reviewing court will not speculate as to what may have been the most advantageous strategy in a particular case. *Howell v. State* (1983), Ind., 453 N.E.2d 241. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective counsel. *Id.*

■ Pitman claims that he was denied effective assistance of appellate counsel when counsel did not address trial counsel's ineffectiveness for not submitting an alibi instruction. At trial, Pitman testified that he had been with another person at her house during the commission of the robbery. This other person testified that Pitman had not been with her when the robbery had been committed but that he had arrived shortly thereafter with a large amount of money. Further, Pitman had contacted this witness and had told her that she was to tell his attorney that Pitman had been at home with her all morning on the day the crimes had been committed.

Under these circumstances, the decision not to submit an alibi instruction may be considered a matter of trial strategy. Appellate counsel could reasonably have believed that trial counsel decided that an alibi instruction was inappropriate because the alibi defense fell apart at trial. *See Williams v. State* (1984), Ind., 464 N.E.2d 893, 895. This is especially true in light of the alibi instruction which Pitman now proposes should have been tendered, which states the presented alibi evidence shows that Pitman "was at a different place so remote or distant [or that such circumstances existed], that he could not have committed the crime." Inasmuch as trial counsel's decision not to submit an alibi instruction may be considered a matter of trial strategy, appellate counsel would not have prevailed on a claim that trial counsel's performance was deficient. Thus, the evidence does not conflict and does not lead solely to a result different from that reached by the post-conviction court.

Next, Pitman claims that he was denied effective assistance of appellate counsel when counsel herself did not address his alibi claim. Pitman contends that appellate counsel should have argued that the failure to submit an instruction to the jury on his alibi defense constituted fundamental error. Also, independently of his claim of ineffective assistance of appellate counsel, Pitman asserts that the failure to instruct the jury on the alibi defense was fundamental error. Under the circumstances, however, the alibi defense fell apart, so the failure to instruct the jury was not so grievous as to deny Pitman a fair trial. *See Williams,* 464 N.E.2d at 895. Pitman has not demonstrated any fundamental error here. *Id.* Again, the evidence does not conflict and does not lead solely to a result different from that reached by the post-conviction court.

Pitman next claims appellate counsel should have raised the issue that the master commissioner was not qualified to sentence him because the record does not show that the regular judge of the court correctly appointed him. We first note that the statutes Pitman cites for authority, Ind.Code 33–4–7–7 and 8, did not take effect until after he had been sentenced. Nevertheless, if counsel had raised the claim on appeal, the supreme court need not have decided that the lack of final judgment by the regular trial judge meant that the supreme court had no jurisdiction of the case.

In *Gordy v. State* (1974) 262 Ind. 275, 315 N.E.2d 362, the supreme court noted that a commissioner had conducted the trial, had entered the judgment of conviction, and had pronounced the sentence. The record did not disclose whether or not the commissioner had ever been formally qualified as a judge pro tempore or as a special judge. The defendant had made no objection and had made no such claim of error in his motion to correct error but nevertheless sought a reversal by reason of the commissioner's role in the proceedings. The court noted that even if the commissioner's assertion of authority had been improper, the conviction would not be set aside:

> The Commissioner did not merely usurp this authority and set up a mock court. He heard the case in the Lake Criminal Court, which clearly had jurisdiction over the subject matter as well as over the person of Defendant. The Commissioner was acting as judge, a duty he clearly may assume under the statute if his appointment is procedurally correct. Both parties submitted to his authority as a judge and neither questioned this authority until this appeal was initiated. Thus, he was operating under color of authority, and served as judge de facto if not as a judge de jure. His authority as a judge de facto may not be raised on appeal for the first time.

*Id.* at 283, 315 N.E.2d at 367 (citations omitted).

Likewise, the master commissioner here served as a judge de facto and the supreme court could have decided that appellate counsel could not raise a question about the "judge's" authority for the first time on appeal. *See Short v. State* (1982), Ind., 443 N.E.2d 298, 309–310. Therefore, Pitman has not shown that appellate counsel was deficient in this regard and has not shown that the evidence is without conflict and leads solely to a result different from that reached by the post-conviction court.

In his next allegation of error, Pitman claims that he received ineffective assistance of appellate counsel when counsel did not address trial counsel's ineffectiveness for not objecting to the lack of qualification of the special judge. Despite Pitman's claim, appellate counsel could have concluded that trial counsel's decision about whether or not to object to the special judge's qualification was a matter of trial strategy. Not only did trial counsel not object to the qualification, he specifically stated he had no objection. Trial counsel could have reasonably believed that Pitman would fare better with the special judge than with someone else or, at least, would fare no worse with the special judge than with someone else. Trial counsel could reasonably have believed that to proceed with the master commissioner would benefit Pitman whether he were eventually acquitted or convicted. If Pitman were eventually acquitted, then the benefit is obvious. If he were eventually convicted, then he would benefit if the situation were deemed error on appeal or in post-conviction relief. Given this, appellate counsel could reasonably have believed that trial counsel's performance was not deficient. If trial counsel's performance was not deficient, then appellate counsel would not have prevailed on the issue of trial counsel's ineffectiveness. We further note that Pitman has made no claim of appellate counsel ineffectiveness for not asserting that trial counsel should have addressed, in the motion to correct error, the authorization of the master commissioner to sentence Pitman. Thus, the evidence is not without conflict and does not lead solely to a result different from that reached by the post-conviction court.

Judgment affirmed.

BAKER and KIRSCH, JJ., concur.