Tony Wayne SANDLIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 982S367.

Supreme Court of Indiana.

April 19, 1984.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Tony Wayne Sandlin was convicted by a jury in the Franklin Circuit Court of murder, felony murder—robbery and felony murder—burglary. The trial court subsequently sentenced Appellant to a term of sixty years imprisonment for each conviction. The sentences for felony murder—robbery and felony murder—burglary were ordered to run consecutively. Appellant now directly appeals and raises the following four issues:

1. sufficiency of the evidence;
2. whether the trial court erred by denying Appellant's mistrial motion;
3. alleged sentencing error pertaining to aggravating circumstances; and
4. sentencing error.

The facts adduced at trial show that during the evening of March 29, 1981, Appellant and fifteen-year-old Bryon Buckingham made several appearances at a party in Lawrenceburg hosted by Tex Roberts. They also visited George Gutzwiller at his apartment and visited Buckingham's house. Appellant and Buckingham eventually returned to Gutzwiller's apartment to steal his stereo. Buckingham knocked on the door and heard no answer whereupon Appellant kicked the door open. The two men entered. As Appellant began to disassemble Gutzwiller's stereo system in the living room, Gutzwiller walked in from his bedroom. Appellant pushed Gutzwiller back into the bedroom and gave Buckingham rope to bind Gutzwiller's hands and feet. Appellant and Buckingham then stabbed Gutzwiller many times with Gutzwiller's kitchen knife and Appellant's buck knife. Appellant and Buckingham finally fled with money from Gutzwiller's wallet. Appellant and Buckingham subsequently returned to Roberts' residence where Appellant told Roberts that he had killed someone who caught him perpetrating a robbery. Mary Ann Palmer, a guest at Roberts' party, observed Appellant laughing and heard him tell Roberts: "I did it, I finally did it." Buckingham previously had asked Palmer if she would sell the stereo. There was evidence that both Appellant and Buckingham illegally used large quantities of drugs. Appellant was arraigned before the Dearborn Circuit Court which subsequently granted Appellant's motion for a change of venue and transferred Appellant's case to the Franklin Circuit Court.

I

Appellant first challenges the sufficiency of the evidence by which he was

convicted. Due to our resolution of Issue IV below, we need only consider Appellant's conviction for murder, Ind.Code § 35–42–1–1 (Burns 1979). Appellant now merely requests this Court to determine the credibility of the witnesses and to re-weigh the evidence. This we will not do. *Collins v. State*, (1981) Ind., 429 N.E.2d 623. When the sufficiency of evidence is challenged, this Court will consider only that evidence most favorable to the State together with all reasonable inferences therefrom to determine if there is substantial evidence of probative value from which the trier of fact could reasonably have inferred guilt beyond a reasonable doubt. *Smith v. State*, (1981) Ind., 419 N.E.2d 743. In the instant case, Appellant's accomplice, Byron Buckingham, testified about the events leading up to and including the killing of the instant victim. Buckingham specifically testified that Appellant threatened to kill Gutzwiller and then began to stab him with a buck knife when Appellant realized that Gutzwiller did not have the money Appellant initially thought he had. Accordingly, we find sufficient evidence to support Appellant's murder conviction.

## II

 Appellant next contends that the trial court wrongfully denied his mistrial motion based upon an assertion that he was denied the effective assistance of counsel and the opportunity to assist in preparing his defense when he was relocated from the Dearborn County Jail. Appellant was transferred by the Dearborn Circuit Court from the Dearborn County Jail to the Indiana State Reformatory at Pendleton upon a showing that Appellant was dangerous to himself and to others incarcerated in the Dearborn Jail. Appellant's brief fails, however, to cite any authority to support his present contention. This issue is therefore waived. Ind.R.App.P. 8.3(A)(7). Notwithstanding Appellant's waiver, we find that Appellant was in no way prejudiced by his relocation from the Dearborn jail by order dated April 3, 1981. In fact, when Appellant moved for an order to be returned to the Dearborn jail to assist in preparing his defense, the trial court immediately ordered his return within ten days. The trial judge has discretion to grant or deny a motion for mistrial. Absent a showing of prejudice, the trial judge will be deemed to have acted properly. *Brown v. State*, (1981) Ind., 417 N.E.2d 333; *See Murray v. State*, (1982) Ind., 442 N.E.2d 1012. There is no error on this issue.

## III

 Appellant also contends that the trial court did not properly justify its imposition of aggravated, sixty year sentences for his murder convictions. The trial court's order on sentencing specifically incorporated by adoption the transcript of the trial court's sentencing hearing. In said transcript, the trial judge is recorded as having stated:

"The Court will impose, the Court is aware that the base penalty that could be imposed in this matter is forty years on each count. The Court will find that the aggravating circumstances outweigh any mitigating circumstance, in fact, the Court does not find the presence of any mitigating circumstances. As I said before, the only one that could be found would be the defendant's age, and his twenty years, from the evidence, indicates that his has not been the life of a normal twenty year old. The aggravating circumstances that the Court would find are his *prior criminal record and activity*, even though there was only one felony conviction, he has had numerous escapes, he's been involved in criminal offenses involving handguns, he's been charged and convicted of Assault and Battery, he has had instances involving fleeing an officer. The Court would further find the *nature of this crime, the manner in which it was committed*, as Mr. Votaw characterizes an execution; at any rate, the evidence indicates that the defendant, that the victim was bound and gagged and murdered while in that condition. The Court will find that the manner in which that crime was committed is an aggravating circumstance which

should be considered. It is apparent that Mr. Sandlin, for whatever reason, is *unable to adjust to whatever might be said to be the · acceptable norm.* And the Court will find that in and of itself is an aggravating circumstance. Those are the Court's reasons for imposing the additional twenty year term on each count as opposed to imposing the base penalty of forty years." (highlight added).

We now find that the aggravating circumstances set forth by the trial court and highlighted above are proper aggravating circumstances pursuant to Ind.Code § 35–4.1–4–7(c) [§ 35–50–1A–7(c) (Burns 1979) (repealed effective September 1, 1983)]. Moreover, this Court on review will revise a sentence only when it is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sent. 2. We do not find that Appellant's aggravated sentences are manifestly unreasonable. Accordingly, we find no error on this issue.

### IV

■ Appellant was convicted of and separately sentenced for murder, felony murder—robbery and felony murder—burglary. Since this case involves the homicide of only one person, the trial court improperly sentenced Appellant on three counts of murder. *James v. State,* (1980) Ind., 411 N.E.2d 618. Accordingly, we remand Appellant's cause to the trial court and order the trial court to vacate its judgment and sentence for felony murder—robbery, count II, and felony murder—burglary, count III. The judgment and sentence for murder, count I, is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.