**Antonio BARKER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 585S195.**

Supreme Court of Indiana.

April 14, 1986.

a class D felony, and possession of marijuana, a class A misdemeanor, and was sentenced to concurrent terms of one (1) year. He was adjudged an habitual offender and his sentence for theft was enhanced by thirty (30) years. The following issues are raised for our consideration on direct appeal:

1. whether the conviction was based on sufficient evidence and was according to the laws of the State of Indiana; and

2. whether the evidence supported a finding that Appellant is an habitual offender.

David Brinker was working at Busler's Gas Station in Evansville on August 11, 1984. Before he went on duty, he placed some spare change in the station office in a padlocked box, and hung the key on the wall. As Brinker pumped gas, he kept his eye on the office, and saw Appellant exit the office, the only person to do so. Brinker returned to the office and discovered the padlocked box open, the key missing, and quarter rolls totalling $40.00 missing. He immediately called the police and gave a description of Appellant. Officer Zirklebach drove his unmarked car to an area near the station and observed Appellant. When he saw Zirklebach, Appellant ducked into some weeds and then ran away. Appellant was apprehended and two marijuana cigarettes were found in his possession. Zirklebach subsequently found the stolen quarter rolls in the same weedpatch where Appellant briefly had hidden.

I

Appellant claims the above-stated evidence shows only his presence at the scene of the crime and there is insufficient evidence to support a conviction. Where sufficiency of evidence is challenged, we will neither weigh the evidence nor determine the credibility of witnesses; rather, we will look to the evidence most favorable to the State and all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a

Barry L. Standley, Beverly K. Harris, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Antonio Barker was convicted at the conclusion of a bench trial in the Vanderburgh Circuit Court of theft,

reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. The evidence we consider clearly shows more than mere presence at the scene of the crime. It also shows exclusive opportunity to commit the theft, flight, and raises an inference that Appellant possessed the stolen money and later hid it in the weeds before he fled. This evidence is sufficient to sustain the conviction. Appellant cites a number of cases where convictions were reversed because the State produced only inferences of suspicions of guilt. However, the evidence in the present case goes beyond that, and those cases are therefore distinguished. Appellant's brief is an invitation to view all the evidence in a light favorable to him. This we will not do. *Id.*

## II

Appellant also contends the habitual offender adjudication was based on insufficient evidence, specifically that the State failed to prove that Appellant is the same Antonio Barker mentioned in the two prior, unrelated felonies. The State introduced informations, order book entries, and commitment orders regarding two prior felonies committed by an Antonio Barker. The State then had two police officers who had worked on the prior felonies testify that Appellant was the same Antonio Barker mentioned in the documents used to establish the prior felonies. Under our standard set forth above from *Harris*, this evidence is sufficient to sustain the habitual offender finding. *Id.* This issue is identical to that addressed in *Maier v. State* (1982), Ind., 437 N.E.2d 448, 453–454, where we held the evidence sufficient when a probation officer testified the appellant was the same person mentioned in the certified documents used by the State to prove the prior felonies. The documentation and testimony in the present case provide a sufficient quantum of evidence upon which the court could find Appellant an habitual offender.

The trial court is affirmed.

GIVAN, C.J., DeBRULER, SHEPARD, and DICKSON, JJ., concur.