Roy C. ROBINSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8601–CR–17.

Supreme Court of Indiana.

Sept. 15, 1987.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant for Attempted Rape, a Class B felony, and Confinement, a Class D felony. He was also found to be an habitual offender. Appellant received a ten (10) year sentence for attempted rape and a two (2) year sentence for confinement, which was enhanced by thirty (30) years by reason of his status as an habitual criminal, all sentences to run concurrently.

The facts are: On February 23, 1985, the victim, M.H., was in a tavern at 26th and Capitol, in Indianapolis. She met appellant and had some drinks with him. She testified that appellant offered her $30 to have sex with him, but that she refused. She did, however, accept his offer to drive her home. The two left the tavern together, supposedly to walk to appellant's automobile. When they came to a nearby vacant house, appellant suggested they go in there to have sex; however, M.H. refused whereupon appellant pushed her to the ground, pulled off her bluejeans and dragged her to the back of the house where he picked her up and placed her on the porch.

This activity was observed by twelve-year-old Jonathon Freeman. He asked his mother to call the police and he continued to observe the vacant house until police arrived. Upon arrival, the police found appellant and M.H. in the house. M.H. was nude from the waist down. Appellant told the police that she was his girl friend and that they were just there to have sex. However, as the police arrived, they heard the victim crying for help. Freeman had also heard the victim's cries for help. M.H.'s bluejeans were found in the yard outside the house. Police observed marks in the muddy ground from where the bluejeans were found to the back porch of the house indicating that M.H. had been dragged that distance.

At the scene, M.H. identified appellant as her attacker. However, after appellant was charged and his counsel attempted to interview M.H., with the cooperation of the State, M.H. failed to show up for appointments. At trial, she would not identify appellant's photograph, nor would she identify him personally. She stated that her attacker was darker than appellant.

Appellant took the stand in his own defense and admitted he was the person involved; however, he stated that while he conversed with M.H. in the tavern she offered him $40 to have sex with her and that he was attempting to fulfill that request when they stopped at the vacant house. He claimed that he did not remove appellant's bluejeans, that she removed them because she was stricken with a sudden attack of diarrhea, and that he was merely helping her to the back of the house from the location where she had removed her bluejeans in order to see if there was some way M.H. could clean herself up in the house.

Appellant claims the trial court erred in denying his motion to suppress the testimony of M.H. Although appellant's counsel made several attempts to interview M.H. prior to trial, with the cooperation of the prosecutor's office, such attempts were fruitless until the day before the trial. On the day of trial, appellant's counsel moved

to suppress the testimony of M.H. because of her lack of cooperation. Counsel claims she was unable to be adequately prepared on such short notice. The State agreed that appellant should be granted a continuance for the purpose of preparation. However, appellant's counsel specifically refused a continuance, taking the position that suppression of the testimony of M.H. was their only solution. The trial judge denied the motion to suppress and the trial proceeded.

■ Exclusion of testimony in such a situation is not the usual remedy. The remedy called for is a continuance. Exclusion is granted only if the State has blatantly and intentionally failed to provide discovery or if exclusion is necessary to avoid substantial prejudice to the defendant. *Mers v. State* (1986), Ind., 496 N.E.2d 75.

Under the circumstances, there was no bad faith on the part of the State. In fact, the State was quite cooperative with appellant's counsel, both in attempting to facilitate a conference with M.H. and in readily agreeing to a continuance of the case in order to allow counsel time to prepare. The determination of the appropriate remedy was at the discretion of the trial court. *Rhone v. State* (1986), Ind., 492 N.E.2d 1063. In view of appellant's counsel's refusal to accept a continuance, we see no abuse of discretion by the trial court.

■ Appellant claims the trial court erred when it allowed Detective Odle to testify in rebuttal. Appellant takes the position the testimony was not proper rebuttal and that it was merely a continuation of the State's case-in-chief. Rebuttal evidence is any competent evidence which is used to explain, contradict or disprove the adversary's evidence. *Seltzer v. State* (1986), Ind., 489 N.E.2d 939.

In the case at bar, appellant had taken the witness stand and given his account of the episode as above set out. Detective Odle was called by the State to testify that in appellant's statement to him immediately following his arrest there was no mention of an offer from M.H. to pay appellant $40 to have sex with her, nor did he mention

that M.H. had fallen down and that he had helped her up, nor did he mention anything about M.H. having diarrhea as the reason for removing her bluejeans.

This Court will only review the scope of rebuttal evidence for abuse of the discretion of the trial court. *Wells v. State* (1982), Ind., 441 N.E.2d 458. We see no abuse of discretion in this case.

Appellant claims the trial court erred during the habitual offender hearing when it allowed the introduction of documents which showed that he was charged but not convicted of the crime of attempted rape on a prior occasion. The record shows that on two prior occasions, appellant had been charged with confinement, battery and attempted rape. In each of the two prior occasions, appellant had been found guilty of confinement and battery but there was no finding of guilty as to the charge of attempted rape.

In *Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46, *cert. denied*, 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851, this Court held that the admission of the charging information relating to the greater offense not reduced to conviction was not prejudicial. In that case, the trial court instructed the witnesses not to mention the charge for which there was no conviction. When the jury viewed the documents, the judge admonished the jurors not to consider the charge for which there was no conviction.

■ In the case at bar, there was no such admonition. However, there was no request on the part of appellant for such an admonition, nor did appellant tender any instruction to be given to the jury concerning the charges for which there had been no conviction. *See McManus v. State* (1982), Ind., 433 N.E.2d 775. We see no reversible error in the admission of the exhibits establishing appellant's prior convictions.

■ Appellant claims there is insufficient evidence to support the verdict of the jury. Appellant recognizes that this Court will not reweigh the evidence. *Barker v. State* (1986), Ind., 491 N.E.2d 522. How-

ever, he claims that since the victim admitted that she left the tavern with him after he offered to give her $30 for sex should be "telling evidence" in his favor. Given the testimony as above recited, this Court is willing to accept the jury's verdict.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.