David L. MIHAY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 25S00–8607–CR–00657.

Supreme Court of Indiana.

Nov. 23, 1987.

Rehearing Denied Feb. 2, 1988.

Frank E. Spencer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant David L. Mihay was found guilty in a bench trial in the Fulton Circuit Court of the crimes of attempted murder, for which he received a term of twenty (20) years, and criminal recklessness, for which he received a term of four (4) years, said terms to be served concurrently.

Mihay presents three issues for our consideration in this direct appeal:

1. sufficiency of the evidence;
2. error in permitting expert testimony concerning the order in which shots were fired; and
3. error in sentencing.

Testimony at trial tended to show that on the evening of July 7, 1985, four young people, Traci Collins, Rozalyn Gail Costello, Ed Richard, and Shawn Shambarger, were at a Burger King restaurant in Rochester, Indiana. They saw a man, who later was determined to be Mihay, in a brown pickup truck. He looked at them and, as he drove by them, said "It's either an 8 or a 10." He then "peeled rubber" going out of the Burger King parking lot, drove into a nearby Kroger lot, and turned around so he was facing Collins and her friends. He continued to look at them but they ignored him.

Then Chris Brown, an acquaintance of the young people, pulled up behind the girls on his motorcycle. They talked for about two minutes. The man next drove his truck toward the group at a high rate of speed, stopped and said, "So we are having a fun time tonight?" This remark seemed to be directed at Chris Brown. Brown responded, "Yeah, sure." At this time the man pulled out a gun, pointed it out the window toward the group and said, using foul language, "I've got a gun here for you." At first Brown thought Mihay was joking but then realized he was in danger, jumped from his motorcycle, and attempted to run away. Mihay fired in Brown's direction. The four young people heard three shots but Brown remembers only two. He was struck in the left arm by the second shot. The bullet entered the flesh of his left arm, ricocheted off the bone and exited the other side. After shooting, Mihay backed his truck across the Kroger parking lot at a high rate of speed. He stopped in a darkened area, and thus prevented witnesses from seeing his license plate. He then left the scene.

Mihay was later apprehended near Peru, Indiana, on Highway 31, and charged with driving while under the influence. Although he refused a breathalyzer test, the arresting officer said he appeared very intoxicated. Mihay testified at trial he had consumed about twenty bottles of beer that afternoon, he was very intoxicated, and his only memory of the incident at the Burger King parking lot was that he fired the pistol into the air to celebrate the Fourth of July. He said he had no intention of shooting anyone and was surprised to find he had, in fact, hit someone. When the officer told him he was wanted for shooting someone in Rochester, he remarked that the man must have been flying up in the air for Mihay to have hit him. Chris Brown and the other young people at the parking lot stated Mihay's demeanor was such that they thought he was intoxicated or under the influence of some drug when they confronted him. Brown said when Mihay first talked to him he did not seem angry or sarcastic but that his mood changed when Chris turned back to talk to his friends and that he did seem angry when he fired the gun. Officer Dennis Reichard of the Rochester Police Department questioned Mihay after he was arrested and advised him of his *Miranda* rights. He testified Mihay showed very little effect from the alcohol at that time. Mihay admitted he shot the pistol four or five times above the young people's heads but stated he did not intend to shoot anyone. He said the reason he left the scene was that he knew he had violated the law by shooting a firearm in the city and thought he would be arrested.

I

Mihay contends there was insufficient evidence of intent to kill to allow a verdict of attempted murder. Where sufficiency is challenged we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we look to the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the jury could reasonably have inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Barker v. State* (1986), Ind., 491 N.E.2d 522, 523.

The necessary intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. It is also true that, dependent upon circumstances, the intent to murder may occur as instantaneously as successive thoughts. *Brumley v. State* (1986), Ind., 492 N.E.2d 281, 284.

Five eyewitnesses testified Mihay appeared intoxicated or under the influence of something and that he responded with angry and profane words when Brown appeared unwilling to engage in conversation with him. He pulled out a gun and said "Here's something for you" or "Here's a gun for you," held it level, and pointed it toward the group. Two of the eyewitnesses stated Mihay leveled the gun directly at Brown. Brown said he feared to move and waited until Mihay's attention was distracted before he ran for cover. The trial court based its decision on the evidence and found that although it was clear Mihay was intoxicated, it did not appear he was too intoxicated to be aware of where he was and what was happening. The Court cited the fact Mihay had the presence of mind to back his truck to the darkened part of the parking lot in order to prevent anyone from reading his license plate. He also fled from the scene. Although differing inferences might be drawn from the facts, there was more than adequate evidence from which the trial court could have reasonably found or inferred Mihay demonstrated an intent to kill sufficient to find him guilty of attempted murder.

## II

Officer Dennis Reichard was permitted to testify as an expert witness as to the order the shots were fired. Reichard was qualified by testimony he was a graduate of the Smith and Wesson Armour School and was a firearms instructor. He testified he observed a mark on the window of Shawn Shambarger's pickup truck, and a "skip" mark on the windshield, in which he found traces of what he believed to be a lead projectile. Also, there was a dent in the truck's fender and in his opinion this was caused by a bullet because pieces of lead were found there. His testimony was then directed to the order the shots were fired. In Reichard's opinion the first shot struck the windshield, the second struck Brown, and the third struck the fender of the truck. He explained that since two of the shots were fired in very quick succession, the pistol was a double action weapon, and in pulling the trigger the tendency of one not trained in firing is to bring the gun down and to the left by the force used with the palm and fingers. Reichard therefore thought the first shot was the highest, and it hit the windshield; the second was down lower and to the left, and struck Brown; the third, lower and further left, struck the fender.

The trial court has broad discretion in determining the qualifications of an expert witness and in admitting his opinion testimony. *Wade v. State* (1986), Ind., 490 N.E.2d 1097, 1104. The witness must be qualified by knowledge, skill, experience, training, or education to give such testimony and the trial court must determine if its admissibility would aid the jurors in understanding the facts. *Summers v. State* (1986) Ind.App., 495 N.E.2d 799, 803. We cannot say the trial court abused its discretion by permitting Reichards to testify as an expert witness considering his qualifications in the area of firearms. We further fail to see any prejudice to Mihay in the admission of this testimony. It had slight probative value since it was nothing more than cumulative to the testimony of all the other witnesses. Brown testified he heard two shots and the second one struck him. The other four eyewitnesses said they heard three shots, the gun was trained in their direction, and they ducked behind vehicles for cover. Mihay admitted he shot four or five times. Mihay points to the fact the trial court in its findings stated among other things that the tight pattern of the shots indicated Mihay was purposely firing at Brown. As we have noted, the trial court found ample evidence which led to the conclusion Mihay did not fire into the air but aimed toward Brown. Even without Reichard's testimony, there was suffi-

cient evidence to support the court's determination, and we fail to find error.

### III

■ Finally, Mihay contends he should not have been convicted and sentenced on both the attempted murder and criminal recklessness counts. We agree. The State contends criminal recklessness is neither an inherently included offense of attempted murder nor is it a factually included offense. They cite *Conley v. State* (1983), Ind., 445 N.E.2d 103, 104–105, and *Humes v. State* (1981), Ind., 426 N.E.2d 379, 383, for the proposition that an attempt crime can have application only to specific intent crimes and since there is no specific intent in the offense of recklessness, it is not a lesser included offense of the crime of attempted murder. Those cases were decided, however, on the propriety of giving the jury instructions authorizing them to find recklessness was an included offense of attempted murder. It does not follow that one can be convicted of both crimes for the single act of shooting the same person. *Conley* and *Humes* further held recklessness is not an inherently included offense of attempted murder, but depending upon how the crimes are charged, a specific allegation of attempted murder might factually include a specific allegation of criminal recklessness. Here, virtually the same charge was made in both informations. One charged Mihay attempted to murder the victim by knowingly firing three shots from a .22 caliber handgun at him which conduct constituted a substantial step toward the commission of murder. The other charged Mihay knowingly or recklessly committed an act, to-wit, firing three shots from a .22 caliber handgun at Christopher Brown, which act created a substantial risk of bodily injury to Brown. This Court has held a defendant may be convicted for committing a robbery and committing a robbery while armed but could not be convicted for both when the same robbery is involved. *Carter v. State* (1951), 229 Ind. 205, 96 N.E.2d 273; 274; citing *Kokenes v. State* (1938), 213 Ind. 476, 13 N.E.2d 524. *See also, Sandlin v. State* (1984), Ind., 461 N.E.2d 1116; *James v. State* (1980), 274

Ind. 304, 411 N.E.2d 618. Mihay could have been found guilty and sentenced on either of these charges but he cannot be convicted and sentenced on both.

This cause is remanded to the trial court with directions to set aside the conviction and sentence for criminal recklessness. The trial court is in all other respects affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.