Bernard PAGE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 53A01–9105–PC–00131.

Court of Appeals of Indiana,
First District.

Dec. 10, 1991.

Robert Canada, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana and Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

1. IND.CODE § 35–42–5–1.

## STATEMENT OF THE CASE

RATLIFF, Chief Judge.

Bernard Page ("Page") appeals from the denial of his petition for post-conviction relief, following his conviction of Robbery,[1] a Class B felony, and the determination that he is an habitual offender.[2] We affirm.

## ISSUE

Do the Constitutions of the State of Indiana and the United States provide an accused person the right to be represented by counsel at a lineup conducted before formal charges have been filed?

## FACTS

Page was convicted in the trial court of robbery and adjudged to be an habitual offender in March of 1978. Our supreme court affirmed his conviction and the determination that he is an habitual offender in *Page v. State* (1979), 271 Ind. 670, 395 N.E.2d 235.

That court found the relevant facts as follows:

"The evidence showed that on October 7, 1977, Mary Bradley was working at the Shortstop Food Market in Monroe County. At about 9:00 p.m., appellant came into the store under the pretense that he had lost money in the soft drink machine. He then pulled a gun on Mary Bradley and ordered her to put money from the cash register into a brown paper sack. While she was doing so, Joseph Pawlowski came into the store, and he also was robbed at gun point by Page. After the jury found appellant guilty of robbery, the State presented evidence that appellant had been twice convicted of unrelated felonies, arson and burglary, in New Hampshire, and had served a prison sentence for each conviction. The jury found appellant to be a [sic] habitual offender."

*Id.* 395 N.E.2d at 236.

Page filed a petition for post-conviction relief on March 28, 1989. The trial court

2. IND.CODE § 35–50–2–8.

conducted a hearing on Page's petition and the post-conviction court found that a lineup involving Page was conducted on October 12, 1977. The lineup related to charges later filed against Page on October 17, 1977. Although counsel had been appointed at the time of the lineup to represent Page on an unrelated charge, Page was not represented by counsel at the lineup.

The post-conviction court denied Page's petition on December 27, 1990. This appeal ensued.

## DISCUSSION AND DECISION

■■■■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, Section 5; *St. John v. State* (1988), Ind. App., 529 N.E.2d 371, 374, *trans. denied*. Thus, to succeed on appeal from the denial of his petition, Davis must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the witnesses' credibility. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 251. We find that Page has failed to sustain his burden and therefore affirm.

■■■ A petitioner may not raise issues in a post-conviction proceeding which could have been raised on direct appeal. *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219, 1221, *trans. denied*. The post-conviction process is open to the raising of issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1197. Thus, Page has waived his allegations of error by failing to raise them in his direct appeal to our supreme court.[3]

■■■ Even if Page's contentions were not waived, he does not demonstrate error.

Page alleges that he was entitled to be represented by counsel in the lineup that occurred prior to charges being filed against him. Contrary to Page's argument, this is not an issue of first impression and has been decided adversely to him by other courts whose decisions are binding on this court.[4]

The fact that charges have been filed against a defendant concerning unrelated incidents does not entitle him to counsel at a lineup where he has not been charged with any criminal offense relating to the lineup's purpose, and for which he is subsequently charged, tried and convicted. *Bray v. State* (1982), Ind., 443 N.E.2d 310, 313 (citing, *Kirby v. Illinois* (1972), 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411, 417, and *United States v. Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149). Although the presence of counsel is necessary at any critical stage in the proceedings to preserve the defendant's right to a fair trial, a lineup conducted prior to the filing of an information or indictment is not a critical stage which requires counsel. *Bray*, 443 N.E.2d at 313–314.

Moreover, Page's reliance on *Illinois v. Perkins* (1990), 496 U.S. 292, 110 S.Ct. 2394, 110 L.Ed.2d 243, is misplaced. The United States Supreme Court in *Perkins* stated that the Sixth Amendment right to counsel was not implicated when a suspect not yet charged with murder made incriminating statements to an undercover government agent posing as his cellmate. *Id.* at ——, 110 S.Ct. at 2398–2399, 110 L.Ed.2d at 253. The Court went on to hold that because no formal charges had been filed against the defendant, Sixth Amendment right to counsel precedents were inapplicable. *Id.* at ——, 110 S.Ct. at 2399, 110 L.Ed.2d at 253. Page seems to rely on a footnote in Justice Brennan's concur-

---

**3.** We note that at the hearing on Page's petition for post-conviction relief, his counsel orally alleged that the failure to raise the lineup issue on direct appeal constituted ineffective assistance of appellate counsel. Record at 31. However, because Page failed to raise ineffective assistance of counsel in his petition for post-conviction relief, and did not address the issue in his

brief, we will not consider it. *See* Ind.Appellate Rule 8.3(A)(7).

**4.** Page's citation to decisions of other jurisdictions when faced with this issue are unavailing in view of binding precedent from our own supreme court.

rence, taken out of context. *Id.* at ——, 110 S.Ct. at 2399, 110 L.Ed.2d at 253–254. We decline to follow Page's attenuated logic in construing *Perkins* beyond its holding.

We hold that neither the Indiana nor the United States Constitution provides defendants with the right to be represented by counsel at a lineup conducted prior to the filing of charges against them. Because Page cannot show that constitutional error occurred in the absence of counsel at the lineup conducted prior to the charges brought resulting in his robbery conviction and the subsequent determination that he is an habitual offender, we must affirm.

Affirmed.

ROBERTSON and BUCHANAN, JJ., concur.