Roy C. ROBINSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A04–9312–PC–465[1].

Court of Appeals of Indiana,
First District.

April 7, 1994.

Publication Ordered May 25, 1994.

Susan K. Carpenter, Public Defender, Jodi Uebelhack, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

1. This case was diverted from Fourth District by direction of the Chief Judge.

ROBERTSON, Judge.

Roy C. Robinson appeals the denial of his petition for post-conviction relief. Robinson had been convicted of attempted rape and confinement and adjudicated an habitual offender. He received a ten-year sentence on the attempted rape conviction to run concurrent to a two-year sentence on the confinement conviction enhanced by thirty years for the habitual offender finding. The Indiana Supreme Court affirmed Robinson's convictions on September 15, 1987. *Robinson v. State* (1987), Ind., 512 N.E.2d 855. We affirm.

Robinson argues in this appeal that he was denied due process because the master commissioner who had been appointed judge pro tempore to try his case had no authority to enter a final appealable order sentencing him, and that trial and appellate counsel were ineffective for failing to preserve and argue the issue of the judge pro tempore's authority. The post-conviction court found that appellate counsel was not ineffective for failing to raise the issue and that all other issues could have been raised on direct appeal but were not and hence have been waived.

■■■ The due process question is not properly before us. A petitioner may not raise issues in a post-conviction proceeding which could have been raised on direct appeal. *Page v. State* (1991), Ind.App., 582 N.E.2d 438. The post-conviction process is open to the raising of issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Id.* Despite the procedural default which occurred at sentencing when Robinson failed to challenge the authority of the judge pro tempore to sentence him, *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1082, Robinson could have raised the issue upon direct appeal either by alleging fundamental error or ineffective assistance of trial counsel. Having failed to do so, the post-conviction court properly found that Robinson has waived any constitutional claim relating to the authority of the judge pro tempore.

■■■ Robinson argues however that appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness as an issue in Robinson's direct appeal. The effectiveness of appellate counsel's representation is determined on appeal using the same standards as applied to trial counsel. *Thornton v. State* (1991), Ind., 570 N.E.2d 35. A successful claim of ineffective assistance of counsel has two components. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, the defendant must show that his counsel's performance was deficient, that is, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense, that is, that counsel's errors were so serious as to render the results of the defendant's trial unreliable. *Id.* The prejudice component requires more of a showing than that the outcome of Robinson's sentencing would have been different. *Lockhart v. Fretwell* (1993), —— U.S. ——, ——, 113 S.Ct. 838, 843, 122 L.Ed.2d 180. An analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. *Id.* —— U.S. at ——, 113 S.Ct. at 842.

■■■ Robinson makes no claim that his sentencing was fundamentally unfair or unreliable because he was sentenced by a judge de facto rather than a judge de jure. Indeed, his claim of prejudice is couched as an entitlement to be sentenced by and receive the benefit of the experienced presiding judge. Such an assertion is akin to the claim of fundamental error made and rejected in *Skipper v. State* (1988), Ind., 525 N.E.2d 334. *See also Survance*, 465 N.E.2d 1076 (trial by judge pro tempore when presiding judge available not fundamental error). The Sixth Amendment does not guarantee such an outcome for, "[t]o set aside a . . . sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Id.* —— U.S. at ——, 113 S.Ct. at 843. Unreliability or unfairness does not result if the ineffectiveness of counsel

does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Id.* —— U.S. at ——, 113 S.Ct. at 844.

■ The result of the sentencing proceeding in the present case was neither unfair nor unreliable for Robinson was not deprived of a substantive or procedural right. Robinson received the presumptive sentence on both offenses to be served concurrently, with the confinement conviction enhanced by reason of the habitual offender adjudication. Appellate counsel was therefore not ineffective in failing to raise trial counsel's failure to object to the authority of the judge as fundamental error or ineffective assistance of counsel. The post-conviction court properly denied Robinson relief.

Judgment affirmed.

BAKER and RILEY, JJ., concur.