**Glenn E. HALL, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A05–9212–PC–467.

Court of Appeals of Indiana,
Fifth District.

Feb. 7, 1995.

Rehearing Denied March 27, 1995.

Transfer Denied June 15, 1995.

Glenn E. Hall, pro se.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

RUCKER, Judge.

Glenn E. Hall appeals the denial of his petition for post-conviction relief contending (1) the master commissioner lacked authority to sentence him, (2) the State engaged in prosecutorial misconduct, and (3) both his trial and appellate counsel rendered ineffective assistance.

We affirm.

On October 2, 1989, a jury convicted Hall of attempted murder, a Class A felony. Hall received a thirty-year sentence imposed by Master Commissioner Craig O. Wellnitz who had also presided over the trial. In his direct appeal Hall argued that the State failed to rebut his claim of self defense and failed to prove the requisite intent for attempted murder. We affirmed the conviction by memorandum decision dated February 18, 1991. Thereafter, Hall filed his petition for post-conviction relief which the trial court denied. In so doing the court determined that certain issues that Hall failed to raise in his direct appeal were waived. Specifically, the post-conviction court ruled that Hall had waived the issues concerning the authority of the master commissioner, alleged prosecutorial misconduct, and the claim of ineffective assistance of counsel as it related to an allegedly defective jury instruction. Hall now appeals.

## I.

■ Pursuing a multi-pronged attack, Hall contends the post-conviction court erred in determining that he had waived several issues for review. First, Hall argues the question of the master commissioner's authority to impose sentence is a jurisdictional matter that cannot be waived. Second, according to Hall, because he was sentenced by a person without authority, the sentencing order was defective on its face and thus subject to attack at any time. Third, Hall continues, there has been no waiver in any event because the judgment was invalid and thus he never actually received a direct appeal despite this court's memorandum decision. In sum, Hall essentially claims that because the master commissioner was not properly appointed as a judge *pro tempore* or a special judge, all actions flowing therefrom are a nullity.

■ Addressing arguments similar to those now made by Hall, our supreme court recently held:

[T]he failure of a defendant to object at the original trial to the jurisdiction of a court officer to enter a final appealable order operates as waiver of the issue both on appeal ... and on collateral attack in a proceeding for post-conviction relief. We conclude, therefore, that it is improper for a reviewing court to *dismiss* a petition for post-conviction relief or to vacate an underlying conviction or sentence on these grounds. Instead, the reviewing court should *deny* relief on grounds of waiver.

*Floyd v. State* (Ind.1994), 650 N.E.2d 28, 32. The issue is now settled. Because Hall did not object at trial to the authority of the master commissioner, nor raise in his direct appeal the issue of the master commissioner's authority, the issue is not now available for review. Similarly, the question of prosecutorial misconduct was also available to Hall as an issue that could have been raised in his first appeal. It was not; therefore that issue is also waived. *See Page v. State* (1991), Ind.App., 582 N.E.2d 438 (petitioner may not raise issues in a post-conviction proceeding which could have been raised on direct appeal).

## II.

Hall next contends that he received ineffective assistance from both his trial and appellate counsel. According to Hall, his trial counsel rendered ineffective assistance for failing to object to an allegedly defective jury instruction, and his appellate counsel was ineffective for failing to address the question of the master commissioner's lack of authority.

▄ Hall's claim of ineffective assistance of trial counsel must fail for two reasons. First, because Hall's trial counsel and appellate counsel are not the same person, appellate counsel had the first opportunity to raise trial counsel's alleged inadequacies. *Smith v. State* (1990), Ind.App., 559 N.E.2d 338, 342, *trans. denied*. Appellate counsel failed to raise the issue of ineffective assistance of trial counsel on direct appeal. That failure resulted in waiver of the issue for post-conviction review. *Id.* Second, although Hall argued before the post-conviction court that

his appellate counsel was ineffective, he did not specifically allege that appellate counsel was ineffective for failing to present ineffectiveness of trial counsel on direct appeal. Because no such allegation was made, any claim of ineffective assistance of trial counsel is waived. *Id.*

▄ As for Hall's claim that his appellate counsel rendered ineffective assistance for failing to raise the question of the master commissioner's lack of authority, Hall has failed to carry his burden of proof. The standard for determining the effectiveness of counsel is the same for both trial and appellate counsel. *Kirby v. State* (1990), Ind.App., 550 N.E.2d 1343, *trans. denied*. Hall must show that counsel's representation was deficient, that is, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed Hall by the Sixth Amendment. Also, Hall must show that the deficient performance prejudiced the defense, that is, that counsel's errors were so serious as to render the results of Hall's trial unreliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Steele v. State* (1989), Ind., 536 N.E.2d 292.

▄ The prejudice component requires more than the mere showing that the outcome of Hall's sentencing would have been different. *See e.g., Miller v. State* (1989), Ind., 541 N.E.2d 260 (In addition to the first prong of the test the defendant must also prove that but for counsel's unprofessional errors the result of the trial would have been different.) "To set aside a ... sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Robinson v. State,* (1994), Ind.App., 634 N.E.2d 765, 766 quoting *Lockhart v. Fretwell* (1993), — U.S. —, —, 113 S.Ct. 838, 843, 122 L.Ed.2d 180. Rather, Hall must demonstrate that the result of the proceeding was fundamentally unfair or unreliable. *Id.*

▄ First, the performance of Hall's appellate counsel was not deficient for his failure to raise the question of the master commissioner's lack of authority. Because Hall did not object at trial, the issue was waived

for appellate review. *Floyd,* 650 N.E.2d at 32. Thus, any such argument on appeal would have been meritless. Appellate counsel is not required to argue meritless contentions or contentions which defy the evidence and to which no genuine argument can be made. *Williams v. State* (1986), Ind., 487 N.E.2d 441. Second, even assuming for the sake of argument that counsel's performance was deficient, Hall nonetheless has failed to satisfy the second prong of the two-prong *Strickland* test. Specifically Hall does not now argue, nor did he present any facts to the post-conviction court demonstrating, that his sentencing was fundamentally unfair or unreliable simply because he was sentenced by a master commissioner rather than the regular sitting judge. Hall was convicted of attempted murder, a Class A felony, for which he received the presumptive thirty (30) year term of imprisonment. There was nothing unfair or unreliable about the sentence. Appellate counsel was therefore not ineffective in failing to raise the question of the master commissioner's lack of authority. The post-conviction court properly denied Hall's petition for relief.

Judgment affirmed.

BARTEAU and KIRSCH, JJ., concur.