**Paul McMICHEL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**Robert GADDIE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

Nos. 49S05–9509–PC–1041,
49S04–9509–PC–1042.

Supreme Court of Indiana.

Sept. 8, 1995.

Susan K. Carpenter, Public Defender of Indiana, Debra E. Weinberger, Deputy Public Defender, Indianapolis, for appellant Paul McMichel.

Susan K. Carpenter, Public Defender of Indiana, Victoria Christ, Deputy Public Defender, Indianapolis, for appellant Robert Gaddie.

Pamela Carter, Attorney General of Indiana, Geoff Davis, Deputy Attorney General, Indianapolis, for appellee State of Indiana in No. 49S05–9509–PC–1041.

Pamela Carter, Attorney General of Indiana, Suzann Weber Lupton, Deputy At-

---

torney General, Indianapolis, for appellee State of Indiana in No. 49S04–9509–PC–1042.

## ON PETITIONS TO TRANSFER

SULLIVAN, Justice.

Today we resolve two cases involving the authority of court officers to enter a final appealable order.

### Background

In *McMichel v. State,* Master Commissioner Allen N. Smith, Jr. of the Marion Superior Court denied appellant, Paul McMichel's, petition for post-conviction relief. The record shows that the court's regular judge, the Hon. Paula E. Lopossa, properly appointed Smith as judge *pro tempore* on the date of the post conviction hearing, May 28, 1992. Master Commissioner Smith took the evidence presented during the post conviction proceeding under advisement and issued findings of fact and conclusions of law denying relief the next day. The record reveals that McMichel made no objection when Master Commissioner Smith announced he would take the evidence presented under advisement and make a ruling the next day. Judge Lopossa did not re-execute Master Commissioner Smith's appointment as judge *pro tempore* in writing on the day Master Commissioner Smith denied McMichel's post conviction relief petition. McMichel appealed the denial of his post-conviction relief petition on grounds that Master Commissioner Smith had no authority to rule on his petition because Smith's appointment as judge *pro tempore* had expired. The Court of Appeals held that Smith's appointment as judge *pro tempore* expired at 11:59 p.m. on May 28, 1992, and therefore, the appeal would be dismissed because Master Commissioner Smith lacked authority to enter a final appealable judgment. *McMichel v. State* (1994), Ind.App., 641 N.E.2d 1047, 1049. The State now petitions this court to transfer the decision of the Court of Appeals.

In *Gaddie v. State,* appellant, Robert Gaddie, entered a guilty plea for voluntary manslaughter before Master Commissioner Jay B. Haggerty on March 18, 1985. On April 25, 1985, Master Commissioner Haggerty accepted Gaddie's guilty plea and imposed an eighteen year sentence. Master Commissioner Haggerty was not a duly appointed judge *pro tempore* when he presided over Gaddie's case. At no point during the sentencing hearing did Gaddie object to Master Commissioner Haggerty's authority to act as judge over his case. On April 21, 1992, Gaddie filed a post-conviction relief petition claiming that his conviction was invalid because Master Commissioner Haggerty had no authority to accept Gaddie's plea or impose sentence. The post-conviction court denied Gaddie's petition on grounds that Gaddie had failed to object to the court officer's authority during the sentencing hearing and thereby waived any right to relief he might have had. Gaddie appealed. The Court of Appeals reversed the trial court concluding that Master Commissioner Haggerty had no authority to accept Gaddie's plea and, therefore, the resulting sentence was a nullity. *Gaddie v. State* (1994), Ind.App., Court of Appeals No. 49A04–9311–PC–429 (mem. Nov. 2, 1994), slip op. at 5, 641 N.E.2d 1299. The State seeks transfer.

### Discussion

The State argues that the decisions of the Court of Appeals in *McMichel* and *Gaddie* are erroneous because: (1) once the master commissioner began consideration of McMichel's case, he was authorized to hear the case to completion; and (2) appellant Gaddie acquiesced in having his case adjudicated by the master commissioner by failing to object to the master commissioner's assumption of authority as judge *de facto*.

In *Floyd v. State* (1994), Ind., 650 N.E.2d 28, 32, we noted that the appropriate "inquiry for a reviewing court when faced with a challenge to the authority ... of a court officer to enter a final appealable order is first to ascertain whether the challenge was properly made in the trial court so as to preserve the issue for appeal." We went on to observe:

[I]t has been the long-standing policy of this court to view the authority of the officer appointed to try a case not as affecting the jurisdiction of the court. Therefore, the failure of a party to object

at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal. We conclude that it is improper for a reviewing court to dismiss an appeal on these grounds where no showing has been made that the issue was properly preserved. Instead, the reviewing court should deny relief on grounds of waiver.

*Id.* Here, the record reveals that McMichel did not object when the master commissioner announced at the conclusion of the post-conviction hearing that he would take the matter under advisement and make a ruling no later than the next afternoon. Similarly, appellant Gaddie made no objection to the master commissioner's accepting of his guilty plea and hearing evidence at his sentencing hearing. Because neither McMichel nor Gaddie challenged the authority of the court officers presiding over their cases in the trial courts so as to properly preserve the issue for appeal, the relief they seek on appeal is denied on grounds of waiver. *Id.*

### Conclusion

Both *McMichel* and *Gaddie* were decided before our decision in *Floyd*. Although we disapproved *McMichel* in *Floyd*, we now grant the State's petitions to transfer, vacate the decisions of the Court of Appeals in both *McMichel v. State* and *Gaddie v. State*, Ind.Appellate Rule 11(B)(3), and affirm the trial courts in each case.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

For the reasons stated in my dissent in *Floyd v. State* (1994), Ind., 650 N.E.2d 28, I would dismiss the attempted appeal in the *McMichel* case, and reverse the denial of post-conviction remedy in the *Gaddie* case. In the *McMichel* case, the court commissioner had no authority of any kind from the regular judge to make a final appealable judgment. Such commissioner's judgment totally lacks authority and is not appealable. In the *Gaddie* case, the court commissioner had no authority from the regular judge to render a judgment and sentence upon Gaddie's guilty plea. Gaddie is therefore entitled to post-conviction relief, as the sentence upon which he stands committed lacks authority and is a nullity.