## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE

Glenn Carpenter
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Glenn Carpenter, | February 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A04-1412-PC-608 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Anne Flannelly, Magistrate |
| *Appellee-Plaintiff.* | The Honorable John M.T. Chavis, Judge |
| | Trial Court Cause No. 49F15-9901-DF-11314 |

**Vaidik, Chief Judge.**

# Case Summary

Fifteen years after pleading guilty to and being sentenced for Class D felony theft in Marion Superior Court, Glenn Carpenter filed a petition for post-conviction relief alleging that the magistrate who accepted his guilty plea and sentenced him did not have authority to do so. We, however, find that Carpenter has waived any challenge to the magistrate's authority because he did not object at the trial-court level. We therefore affirm the post-conviction court.

# Facts and Procedural History

On July 7, 1999, Carpenter, who was represented by counsel, and the State entered into a plea agreement in which Carpenter agreed to plead guilty to Class D felony theft. That same day, Carpenter's guilty-plea hearing was held in Marion Superior Court, Criminal Court 15, before Magistrate Mark Renner,[1] who accepted Carpenter's guilty plea and sentenced him—in accordance with the plea agreement—to 545 days with 507 days suspended and 180 days of

---

[1] There is some issue as to whether Mark Renner was a magistrate or master commissioner in July 1999. At the post-conviction hearing, the court stated the following regarding Renner's status: "The Court is aware of the fact that currently he's a commissioner; he's never been elected a judge; and at one point he was a magistrate." P-C Tr. p. 12.

Regardless of Renner's status at that time, a master commissioner has the same powers and duties as a magistrate. *See* Ind. Code Ann. 33-33-49-16(e) (West 2004); *see also* Ind. Code 33-5.1-2-11(e) (1996 Supp.) (version in effect when Carpenter pled guilty). Therefore, it does not matter whether Renner was a magistrate or master commissioner. But because the deputy clerk's letter (Exhibit B) refers to Renner as a magistrate, we do so as well.

probation. *See* Ex. B (Order of Judgment of Conviction signed by "Mark F. Renner"). The CCS entry for July 7, 1999, however, notes that the presiding judge of Criminal Court 15, the Honorable John M.T. Chavis II, disposed of the case. Ex. A.

[3] Fifteen years later, in March 2014, Carpenter, pro se, filed a petition for post-conviction relief. He argued that Magistrate Renner "did not have statutory authority to sentence [him] and enter a final judgment" because Magistrate Renner did not get "approval of the Presiding Judge of the Court" in violation of Indiana Code section 33-23-5-9. Appellant's Supp. App. p. 2-3. Although Carpenter was pro se when he filed his petition for post-conviction relief, he was represented by counsel six months later at the evidentiary hearing.

[4] At the hearing, post-conviction counsel admitted into evidence Carpenter's CCS, plea agreement, and judgment of conviction. Counsel also admitted into evidence a letter from the deputy clerk of Criminal Court 15. According to the letter, the "file . . . does not have any Appointment and Acceptance Documents in the Court Clerk[']s Order Book Entries for the appointment of Magistrate Mark Renner due to the age of the case. Appointment documents were not required back then . . . ." Ex. B. In addition, post-conviction counsel secured the following stipulation from the State: "State stipulates to [the post-conviction] court's recognition of non-elected judicial officer status of Commissioner (then-Magistrate) Mark Renner." P-C Tr. p. 12 (formatting altered). After the hearing, the post-conviction court entered findings of fact and conclusions of law denying Carpenter relief.

Carpenter, pro se, now appeals.

# Discussion and Decision

Carpenter contends that the post-conviction court erred in denying his petition for post-conviction relief. Carpenter makes several arguments on appeal, all of which revolve around Magistrate Renner's authority to enter a final order on his guilty plea and sentence him. When Carpenter pled guilty, Indiana Code section 33-4-7-8 (1998) provided:

> (a) Except as provided under subsection (b), a magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court. The court shall enter the final order.
>
> (b) *If a magistrate presides at a criminal trial*, the magistrate may do the following:
>
>> (1) Enter a final order.[2]
>>
>> (2) Conduct a sentencing hearing.
>>
>> (3) Impose a sentence on a person convicted of a criminal offense.

(Emphasis added). In 2004, this statute was recodified at Indiana Code section 33-23-5-9. *See* P.L. 98-2004. According to case law interpreting Indiana Code

---

[2] According to case law interpreting this statute, a magistrate's power to enter a final order includes the power to enter a judgment of conviction. *See Boyer v. State*, 883 N.E.2d 158, 161-62 (Ind. Ct. App. 2008).

section 33-23-5-9, because a guilty-plea hearing is not the same as a criminal trial and Section 33-23-5-9 references only "a criminal trial," a magistrate does not have authority to enter a final order and sentence a defendant who pleads guilty. *See Long v. State*, 962 N.E.2d 671 (Ind. Ct. App. 2012), *trans. denied*.[3]

[7] It is well settled that the authority of a court officer appointed to try a case does not affect the jurisdiction of the court. *Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994) (specifically addressing failure of trial court to validly appoint judge pro tempore). Accordingly, if a defendant does not object "at the original trial to the jurisdiction of a court officer to enter a final appealable order," then the defendant waives "the issue both on appeal . . . and on collateral attack in a proceeding for post-conviction relief." *Id.* at 33.

[8] In a case similar to this one, *McMichel v. State*, a master commissioner—who was not a duly appointed judge pro tempore—accepted the defendant's guilty plea and sentenced him. 655 N.E.2d 61, 62 (Ind. 1995). The defendant did not object to the master commissioner's authority to act as a judge over his case. *Id.* Instead, seven years later, the defendant filed a petition for post-conviction relief claiming that his conviction was invalid because the master commissioner did not have authority to accept his plea or sentence him. The Indiana

---

[3] In 2015, our legislature amended Indiana Code section 33-23-5-9(b) to rectify this omission, and the amended statute now provides: "If a magistrate presides at a criminal trial *or a guilty plea hearing* . . . ." P.L. 173-2015, Sec. 5 (emphasis added); *see also* Ind. Code Ann. § 33-23-5-9(b) (West 2015 Supp.). Thus, a magistrate may now enter a final order and sentence a defendant who pleads guilty.

Supreme Court held that because the defendant did not challenge the authority of the court officer in the trial court so as to properly preserve the issue for appeal, his petition for post-conviction relief should be denied due to waiver. *Id.* at 63.

[9] Likewise, here, Carpenter did not object to Magistrate Renner's authority to act as a judge over his case. Instead, fifteen years later, Carpenter filed a petition for post-conviction relief claiming that Magistrate Renner did not have authority to accept his guilty plea and sentence him. But even assuming that Magistrate Renner acted without authority, the court's jurisdiction was not affected. Carpenter has waived this issue for failing to object at the trial-court level.[4] We therefore affirm the post-conviction court's denial of Carpenter's petition for post-conviction relief.

[10] Affirmed.

Bailey, J., and Crone, J., concur.

---

[4] Carpenter also argues on appeal that his trial counsel was ineffective for not objecting to Magistrate Renner's authority at the trial-court level, even though Carpenter did not raise this issue in his pro se petition for post-conviction relief. *See Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) (noting that issues not raised in a petition for post-conviction relief may not be raised for the first time on post-conviction appeal), *reh'g denied*.

But even if trial counsel was deficient for not objecting to Magistrate Renner's authority at the trial-court level, Carpenter has not alleged how he was prejudiced because a magistrate—rather than the regular sitting judge—accepted his guilty plea and sentenced him. *See Hall v. State*, 646 N.E.2d 379, 382 (Ind. Ct. App. 1995), *reh'g denied*, *trans. denied*. For similar reasons, we find no merit to Carpenter's argument on appeal that his post-conviction counsel was ineffective for not amending his pro se petition to add an ineffective-assistance-of-trial-counsel claim.